## PATTERSON vs. FOWLER.

Under the statute—*chap.* 145, *sec.* 34, *Gould's Dig.*—the plea of non-detinet puts in issue not merely the wrongful detention, but the plaintiff's right of property.

In actions of Replevin, under the plea of property in the defendant, traversing (absque hoc, &c.,) the title of the plaintiff, the onus probandi is on the plaintiff.

It is no error to permit a replevin bond to be withdrawn, and a new bond substituted for the purpose of using a party to the first bond as a witness.

A judgment will not be reversed for an erroneous instruction not prejudicial to the party seeking a reversal.

Where upon the face of a deed a valid consideration appears, it is no error to refuse the admission of evidence tending to establish other and illegal motives moving the grantor to the act.

*Error to the Circuit Court of Jackson County.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

Owen, for the plaintiffs.

Evidence tending to show an illegal or immoral consideration

for a bill of sale is admissible in impeachment of such instru-
ment, and it is sufficient if such illegal or criminal purpose forms
only a part of the consideration *Donallen vs. Lenox*, 6 *Dana*
91; 4 *Peters* 410; *Ib.* 184.

The plea of non-detinet to a declaration in the detinet puts
in issue the plaintiff's right of property. *Gould's Dig., chapter*
145, *sec.* 34.

So a plea of property in defendant imposes upon the plaintiff
the onus of proving title. *Dixon vs. Thatcher et al.*, 14 *Ark.*
141 ; *Rogers vs. Arnold*, 12 *Wend*, 36; *Stark Ev.* 714; 10 *Mod.*
25.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Fowler brought replevin in the detinet against Patterson, in
the Jackson Circuit Court, for three cows, a yearling and two
bedsteads.

The defendant pleaded non-detinet, and property in himself,
traversing plaintiff's title. The case was tried by a jury, on
issues to the pleas, and verdict and judgment for the plaintiff,
and the defendant brought error.

The court gave the following instruction to the jury :

" The property of the goods is admitted to be in the plaintiff
by the plea of non-detinet. This relieves the plaintiff of the
necessity of proving it to be his property."

This instruction is directly against the statute. The action
being in the *detinet*, the plea of *non-detinet* put in issue not only
the wrongful detention of the goods, but also the property of the
plaintiff therein. *Gould's Dig., chapter* 145, *sec.* 34.

The court also charged the jury, as follows :

" The plea of property in the defendant puts it on the defen-
dant to prove it to be his, the defendant's property ; and as to
whose property it was, the jury are to determine."

This instruction is contrary to the repeated decisions of this
court. Under the plea of property in the defendant, traversing
(*absque hoc, &c.,*) the title of the plaintiff, the onus probandi was

upon the plaintiff. *Robinson vs. Calloway,* 4 *Ark.* 95 ; *Dixon vs. Thatcher et al.,* 14 *Ark.* 141 ; *Anderson vs. Dunn,* 19 *Ib.* 650.

The substance of the evidence introduced upon the trial is, that on the 28th March, 1857, Fowler, the plaintiff below, being arrested by the sheriff, upon a capias, entered into bond with the defendant, Patterson, as his surety for his appearance at the ensuing June term of the Jackson Circuit Court, to answer an indictment for an assault and battery.

That on the 20th May, 1857, Fowler made to Patterson a bill of sale, reciting that he was his surety in the bond above referred to, for his appearance at court, and transferring to him the property sued for as an indemnity, stipulating that if he failed to appear at court, &c., the cattle, &c., were to be the property of Patterson, but if he appeared, the instrument was to be void, and the property was to be returned to Fowler.

Under this instrument the possession of the property was delivered to Patterson.

That Fowler appeared at court, and pleaded guilty to the indictment, whereby Patterson was released from the bail bond.

The testimony of one witness conduces to prove, though not clearly, that after Patterson was released from the bail bond, and before suit, Fowler made a demand of the property.

The bill of exceptions states that defendant offered to prove "that the plaintiff intended leaving the country to avoid being prosecuted for a felony, an offence other than that in which defendant stood surety for his appearance, and that with a view to this fact, and for the purpose of procuring the defendant's approval and sanction of the plaintiff's act in leaving the country as aforesaid, to avoid said prosecution for felony, the plaintiff made and delivered said written instrument to said defendant, and with it possession of the property in the writing described: which evidence the court excluded on the objection of the plaintiff.

The court did not err in excluding this evidence. The bill of sale shows upon its face that it was made for a valid and legal consideration—to indemnify defendant as the surety of

plaintiff in the bail bond.    The defendant did not offer to prove that such was not in fact the consideration of the instrument, but that the consideration was different and illegal.

What he offered to prove, as stated above, was that the plaintiff intended leaving the country to avoid a prosecution for felony, and that with the view to this fact, and for the purpose of procuring defendant's approval of his leaving, plaintiff executed the bill of sale.    The intention of plaintiff in executing the bill of sale was one thing, and the consideration of the instrument was another.    The defendant was the plaintiff's surety in the bail bond, and the plaintiff may have supposed that if he attempted to leave the country without indemnifying him, he would attempt to prevent his leaving, and this may have been the motive which induced the plaintiff to execute to the defendant the bill of sale—but the instrument being founded on a sufficient legal consideration on the part of the defendant, the particular motive which may have induced plaintiff to execute it, could not affect the validity of the instrument.

If the plaintiff had offered to prove that he was about to leave the country to avoid a prosecution for felony, and that the defendant was taking steps to prevent his departure, and that the consideration of the bill of sale was that defendant would desist, and permit the plaintiff to leave, perhaps the evidence would have been admissible to prove that the instrument was executed upon an illegal consideration.

The court erred in charging the jury that the *onus probandi*, under the issues to the pleas, was upon the defendant, but the defendant was not prejudiced by the error ; for notwithstanding this charge of the court, the plaintiff did make out his case—the defendant introducing no testimony as to the title of the property whatever.    And upon the evidence in the cause, the jury could not have found otherwise than that the plaintiff was the owner of the property sued for, and entitled to the possession of it, and if the case were reversed, and sent back, another jury could but render the same verdict upon the same evidence.

The proof of demand was not of the most satisfactory char-

acter, but the charge of the court held to be erroneous, did not relate to the demand, and there was no motion for a new trial. So that the sufficiency of the evidence to prove the demand is not before us.

The court did not err in permitting the plaintiff to execute a new replevin bond, in order to release a surety in the original bond, whom he desired to use as a witness.

The judgment must be affirmed.