## St. L., I. M. & S. Ry. v. Phelps, ex rel.

46  485
73  117
74  360

1. DAMAGES:   *For delay in transporting freight.*

   The general rule of damages for unreasonable delay in transporting freight is the difference between the value of the property at the time and place it should have been delivered and its value when it was delivered, with interest, after deducting the charges for freight, whether the depreciation in value accrued from a fall of prices or from a physical injury sustained through the negligence of the carrier.

2. PRACTICE IN SUPREME COURT:   *Erroneous but harmless instructions.*

   The Supreme Court will not reverse a judgment for an erroneous instruction of the circuit court, where it is apparent that no injury resulted from it to the appellant.

APPEAL from *Lawrence* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*Dodge & Johnson*, for appellant.

In the case of delay in the transportation of merchandise beyond the time stipulated, or if there is no stipulation, as was in this case, beyond a reasonable time for the transportation and delivery of the same, the damages would be the direct and actual losses sustained thereby,

such as the decline in the value of property or actual injury thereto. The difference between the value of the property at the *time when* and *the place where* it should have *been delivered*, and its *value when* it was delivered, if it had declined in value, or had been actually injured, would be the proper mode of estimating the damages, unless the delay was inevitable, as when it was caused by the act of God or the public enemies. *9 A. & E. R. Cases, 333–5; Hutchinson on Carriers, sec. 771; Field on Damages, sec. 375; Sedgwick on Damages, Marg. pp. 336, 359,* and notes; *Wood's Mayne on Damages, secs. 14, 15, 26, 31, 39; Ward v. R. R., 47 N. Y., 33; Buggs et al. v. R. R., 28 Barb., 520 and 521; Peet v. R. R., 20 Wise, 598; Weston v. R. R., 54 Maine, 378; Cutting et al. v. R. R., 13 Allen, 384; Scott v. Steamship Co., 105 Mass., 470; Cooper v. Young, 22 Ga., 273.*

But from the amount so found it is proper to deduct the freight where that had not been paid. *Hutchinson on Carriers, secs. 771, 772; R. R. Co. v. Ragsdale, 46 Miss., 458; Scott v. Steamship Co., 106 Mass., 468; King v. Woodbridge, 34 Vt., 565; Ashe v. DeRossett, 5 Jones (N. C.), 301; Crater v. Binninger, 4 Vroom, 517; Field on Dam., secs. 388–9; 44 Ark., 349.*

*Sam W. Williams* and *Geo. Thornburgh*, for appellee.

There is no proof of any difference in value between the places of shipment and delivery, stations not very distant from each other, and no presumption of difference of value arises. The verdict and judgment are right, and the instruction, if erroneous, was harmless. *10 Ark., 9; 11 ib., 754; 23 ib., 115; 21 ib., 357; 22 ib., 215; 23 ib., 32.* If any presumption arises at all, it is that the place of destination is the better or higher market; so if the instruction is erroneous, it was an error in appellant's favor.

St. L., I. M. & S. Ry. v. Phelps, ex rel.

The true rule for the measure of damages in cases like this is stated in *Hutchinson on Carriers*, secs. *328, 356*. See, also, *44 Ark., 443*.

COCKRILL, C. J.   The appellees delivered an engine and some other machinery to the railroad company at Black River station to be transported to Walnut Ridge. The company permitted the machinery to remain exposed to the weather about sixteen months before transporting and delivering it to the appellees at the place of destination. In the meantime it rusted, and from that cause deteriorated in value, and this action was prosecuted to recover for the injury.   The only point made upon the appeal is as to the rule for the measure of damages laid down by the court for the guidance of the jury.

*Damages for delay in transporting freight.*

It is the general rule in this class of cases that the measure of recovery is the difference between the value of the property at the time and place it should have been delivered, and its value when it was in fact delivered, with interest, after deducting the charges for freight.   It is immaterial whether the depreciation in value is caused by a fall in prices or by a physical injury sustained through the negligence of the carrier.   Compensation for the actual loss sustained is what the law aims at, and the increased value at the place of delivery is what the owner, relying upon the carrier, has lost.

The complaint against the judgment here is that no proof was made, at the trial, of the value of the machinery, at Walnut Rridge, at the time it should have been received there, but that the proof of value at that time was confined to the place of shipment.

The jury were instructed that the difference between that value and the value at the time and place of delivery was the proper measure of damages.   The record does not

apprise us that this worked unfairly upon the railroad, and no injury could have resulted unless the market price at the earlier date was less at the destination than at the place of shipment. Under the circumstances there is no presumption that the machinery was worth less at Walnut Ridge than at Black River at that time. The two points are stations on the same line of road; they are not many miles apart, and it is common knowledge to all persons that both are dependent on the same general markets for supplies and articles of the kind in dispute. The conditions being the same at the two points, the prices cannot be presumed to be materially different. *Seigbert v. Stiles, 39 Wisc., 533.*

But the reasoning of the court in the *Rome Railroad v. Sloan, 39 Ga., 636,* is a complete answer to the appellant's contention : " We think it safe to lay down the rule, that the commodity shipped is presumed to be worth as much at the point of destination as it is at the place of shipment. In fact, it is generally worth more. If it were not so there would be no inducement to ship. And the law allows the owner of the goods that increased price in case they are not delivered, if he chooses to avail himself of it by proof. But if he fail to do so, and only prove the value at the place of shipment, which is not rebutted by the defendant, the latter is not injured, and has no just cause of complaint. Indeed, he is presumed to be benefited by the plaintiff's neglect to make the proof and insist upon the full measure of his rights."

The proof was that, at the time of shipment, the property was in good condition and worth $500. When received, its market value was much reduced, and the appellees sold it shortly afterwards at what was proved to be its then fair market value at Walnut Ridge, viz., $240. The verdict was for $200.

If there was error in the instruction, it was harmless, and as it is not made to appear that the appellant has been prejudiced, the judgment is affirmed.