GRIFFIE v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered October 1, 1906.

1. RAILROAD—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.—One who walks on to a railroad track at a crossing without looking and listening for a train, and is injured by an approaching train, is guilty of contributory negligence. (Page 188.)

2. SAME—NEGLIGENCE AFTER DISCOVERY OF PERIL.—Where the peril of a person on a railroad track was discovered by the fireman on an approaching engine in time to have signalled to him or to have stopped the train, and he did neither, but called to him and was not heard, it was a question for the jury to determine whether the fireman exercised proper care to avoid injuring him after discovering his peril. (Page 188.)

Appeal from Pope Circuit Court; *William L. Moose,* Judge; reversed.

### STATEMENT BY THE COURT.

Appellant sues appellee for personal injuries, alleging various grounds of negligence. Appellee denied all material allegations, and set up the contributory negligence of appellant "in going upon or near defendant's tracks at the time and place he was injured without exercising the proper precaution to protect himself from danger."

After the evidence was heard the appellee moved the court to direct a verdict in its favor, which the court granted.

*U. L. Meade,* for appellant.

Where there is evidence legally sufficient to support a verdict, it is error in the court to withdraw the case from the jury. Art. 7. sec. 23, Const.; 57 Ark. 468; 51 Ark. 155; 39 Ark. 419; *Ib.* 499; 35 Ark. 155; 37 Ark. 193; 71 Ark. 309; *Ib.* 445. The questions whether or not the plaintiff was guilty of such contributory negligence as would preclude his recovery, and whether, if he was guilty of contributory negligence, the servants of defendant, after discovering his perilous situation, exercised proper care with the means at their command to avoid injuring him, should have been submitted to the jury under proper instructions. 65 Ark. 433; 69 Ark. 132; 56 Ark. 599; 64 Ark. 237; 63 Ark. 184; 62 Ark. 186; *Ib.* 235; *Ib.* 245; 67 Ark. 164; 46 Ark. 513; 57 Ark. 194; 50 Ark. 478; 64 Ark. 335.

*Oscar I. Miles* and *Lovick P. Miles,* for appellee.

Under the facts in this case, as shown by plaintiff's own testimony, he was guilty of gross contributory negligence. 62 Ark. 158; 65 Ark. 238; 74 Ark. 372. And, this being shown by plaintiff's testimony, there was no burden on defendant to establish it, when plaintiff rested.

WOOD, J., (after stating the facts.)   Appellant was an old resident of the town of Russellville, Arkansas, and was familiar with the crossing of Jefferson Street, where his injury occurred. On the day of the injury he approached the crossing, going from his home along a path that went in a southeast course to the crossing of Jefferson Street and the railroad.   A cotton platform which obstructed his view of the railroad tracks intervened until he ascended the dump of the railroad grade and came near the tracks at the crossing.   He looked west towards the depot, and there was a part of a train.   He thought there was no danger, "looked east," and then "got knocked down."   Appellant did not stop, he "picked his way a little to keep out of the mud."   Loose dirt had been dumped on the ground to walk on, and it was soft. From the time appellant got upon the dump near the railroad tracks, there was no obstruction to his vision in the direction of the engine that struck him.   At that time he was looking toward the east.   Some of the witnesses say he "had his head down." He came so close to the track that the engine knocked him down, and the second little wheel in front crushed his foot.   There was some proof tending to show that the railway company was guilty of negligence.   But appellant was also guilty of contributory negligence.   As he approached the railway, he should have looked in both directions for trains, and should have continued to look until the danger was passed.   He was walking slowly, and the train was moving slowly.   There was nothing to obstruct his vision after getting upon the dump within a few feet of the tracks.   He should have surveyed the situation, instead of walking headlong upon or so near the track as to be struck. Contributory negligence follows as matter of law under such circumstances.   St. Louis & S. F. Rd. Co. v. Crabtree, 69 Ark. 134; St. Louis, I. M. & S. Ry. Co. v. Martin, 61 Ark. 549; Martin v. Little Rock & F. S. Ry. Co., 62 Ark. 158; Little Rock & F. S. R. Co. v. Blewitt, 65 Ark. 238; St Louis, I. M. & S. Ry. Co. v. Johnson, 74 Ark. 372; Choctaw, O. & G. Rd. Co. v. Baskins, 78 Ark. 355; Tiffin v. St. Louis, I. M. & S. Ry Co., 78 Ark. 55; Scott v. St. Louis, I. M. & S. Ry. Co., 79 Ark. 137.   Therefore appellee was entitled to a peremptory verdict, unless, having discovered appellant's perilous situation, it failed to exercise such care as an ordinarily prudent person would exercise under

the circumstances to prevent the apprehended danger. The engine was switching; it was running about four to six miles an hour. The engineer said he did not think it was much faster than a "pert walk" for a man. The engine was equipped with air. The engineer "judged" that he could stop the train running from four to six miles per hour at a distance of thirty feet. He could not see the appellant from the engineer's side, and did not know that he had run over appellant until the fireman jumped off his seat when the front end of the engine was about midway the crossing, and said he believed "we hit that man." After the remark, just as soon as he heard there was any danger, he applied the air in the emergency immediately, and made as quick a stop then as possible.

The fireman was on the left side of the engine going east, the same side that appellant was on. When the fireman saw appellant the engine was "pretty close" to the crossing, he did not remember exactly the distance. The engine was something near the end of the cotton platform, "maybe a little past or not quite to it." Appellant was four or five feet from the track, and "looked like he was just coming across in some study with his head down" when the fireman first saw him. Appellant's back and side were rather toward the train. The fireman had known appellant a long time. When he saw appellant four or five feet from the track going towards it, he hallooed at him. At that time the fireman was something like twenty or maybe thirty feet from him, and the front of the engine and appellant were about four or five feet apart. Appellant paid no attention, and the fireman stepped down in front of the boiler, saying: "I thought it was going to kill him." From his experience the fireman thought the engine was stopped as quickly as possible. The above is the testimony of the engineer and fireman. The proof tended to show that from the east end of the cotton platform to where appellant was struck was fifty-five or sixty feet. The engine was stopped before the "driver" wheels got to appellant. One witness testified he heard some one halloo before the engine struck appellant, and at that time the witness said the engine, he guessed, was between "fifteen and thirty feet from Griffie." Witness was thirty or thirty-five yards from Griffie at the time.

We are of the opinion that it was a question of fact for the jury to determine, under this evidence, as to whether or not appellee exercised the proper care after having discovered the dangerous situation of appellant to avoid injuring him.    The court erred in declaring as matter of law that appellee was not negligent.

As the cause must be sent back for new trial, we deem it unnecessary to comment upon the testimony.

Reversed and remanded for new trial.