St. Louis Southwestern Railway Company v. Thompson.

Opinion delivered March 8, 1909.

RAILROADS—NEGLIGENCE AFTER DISCOVERY OF PERIL.—Where defendant's locomotive engineer saw plaintiff walking so near defendant's track that her situation with reference to an approaching train was perilous, and that she was oblivious to her danger, defendant is liable for her injuries, regardless of her negligence, if the engineer could by ordinary effort have stopped the train before striking her or if he failed to give any warning signal of the danger.

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*S. H. West* and *Gaughan & Sifford,* for appellant.

*Warren, Hamiter & Smith,* for appellee.

If it be conceded that appellee was negligent, still appellant, in failing to exercise ordinary care to avoid injuring her after discovering her peril, is liable.  62 Ark. 164; 61 Ark. 340; 74 Ark. 407; *Id.* 478.

FRAUENTHAL, J.  The plaintiff below, Mrs. M. E. Thompson, instituted this suit against appellant, and alleged in her complaint that on December 11, 1906, the defendant

did carelessly and negligently run one of its engines and trains against and upon her in the town of Stamps, and thereby did injure her in the sum of two thousand dollars. The answer denied the allegations of the complaint, and pleaded contributory negligence, alleging that the plaintiff was walking along by the side of and near the track where defendant's trains were passing, and by her own carelessness and negligence fell against one of its cars after the engine had passed her, and that on account of her age she was careless in walking along so near the track. The evidence tended to establish the following state of case: In the forenoon of December 11, 1906, the plaintiff had gone to the post office, and was returning to her home. The track of defendant's road in the town of Stamps runs practically east and west. The depot in use at the time of the accident is about one quarter of a mile west of the old depot and between these and on the north side of the railroad is the post office. There is a walk leading from the post office to the railroad, and a walk or pathway continues on the railroad right of way, east and west, and runs near to and by the side of the railroad track. The public in going from the postoffice to points in the town would travel along this walk to the railroad and then upon the walk or path along and near the railroad track; and at the time of the accident and for a long period prior to that time this walk and pathway was used by everybody generally, to the knowledge of and without objection by defendant. The plaintiff on this occasion had gone from the post office to the railroad, and then was walking along the pathway or walk by the side of the track going east towards the old depot. When she reached the railroad, she looked up and down the track to see if any train was moving thereon, and, seeing none, she proceeded along the pathway next to the track going east in the direction of the old depot and also of her home. She was an old lady, and wore a bonnet. She had traveled by the side of the railroad track for a distance of from 75 yards to 100 yards when the defendant's passenger train coming from the west and at her back struck her. From the new depot to the old depot the track was perfectly straight and level, and there was no obstruction, and the plaintiff with her bonnet covering her head could have been easily seen by any one in the cab of the engine. The train had stopped at the new depot, and then had pulled out going east,

and at the time it struck plaintiff was going at the rate, as variously estimated by witnesses, of from six to twenty miles per hour.

The plaintiff was on the left side of the track, and her right side was next the track. The engineer was in his cab on the right side of the track; and, as the train approached the plaintiff from her back, he was up in the cab looking down the track in the direction plaintiff was going; and the evidence tended to prove that he saw the plaintiff the entire distance from the new depot, and until he got within a few feet of her, when his vision was obstructed by the smoke stack of the engine. The plaintiff was walking up against the end of the ties, and so near to the track that her position was perilous and so apparent that it attracted the attention of a number of the witnesses. One of the witnesses was standing on the opposite side of the track, and when the train approached near her, fearing that she would be struck by the train because she was walking so close up to the track, he cried out to her to warn her of the danger, but she did not hear him. Another witness, who was walking behind her at some distance, seeing plaintiff walking so near the track as the train was approaching, and realizing her imminent danger, was so frightened by the sight, that, as the witness says, "she was scared so bad, she was sick."

Another witness had just passed the plaintiff going in the opposite direction along the track. When this witness had gone about seventy-five yards past her, and the train had passed him going in the direction of plaintiff, he stopped and turned to look at plaintiff, fearing that the train would strike her. She was walking so close to the track as he looked towards her and saw the train approaching her, that he believed the train would strike her. The train was then 75 yards away from plaintiff and was approaching her from the rear. The engineer was in the engine looking directly out of the cab and in her direction. There was no whistle blown; no bell was rung, and the speed of the train was not slackened until after it struck the plaintiff. The evidence tended to show that the pilot on the engine or the step on side of coach struck her on the right hip, turning her around and then causing her to fall. The evidence tended to show that the engineer saw the plaintiff's perilous situation at such a distance and in

such time as to have stopped the train before striking her; that, after thus seeing her perilous condition, he did not give any signal or warning.

A verdict was returned in favor of plaintiff for $250; and, judgment being rendered thereon, the defendant has appealed to this court.

We find no error in the instructions given by the court. They were favorable to the appellant. They were entirely based upon the theory that the plaintiff was either a trespasser or negligent in walking so near the track; and that the responsibility of defendant only began after the defendant discovered her peril. Upon the part of the plaintiff the court instructed the jury as follows:

"1. The court instructs the jury that the defendant cannot be held liable for negligence in this cause if the plaintiff by her own negligence has contributed to the injury complained of, unless it was a wilful injury, or one resulting from want of ordinary care on the part of the defendant to avert it after the negligence of the plaintiff had been discovered; but such failure to use ordinary care to avoid injuring the plaintiff after her peril had been discovered, if you find it was discovered, rises to the grade of wanton or reckless conduct and renders immaterial the inquiry as to the contributory negligence of the plaintiff in exposing herself to danger.

"2. If the jury find from a preponderance of the evidence in this cause, either direct or circumstantial, that the engineer of the train which struck the plaintiff saw her walking dangerously near the track in time to have avoided injuring her, and knew or had reasonable grounds for believing that she was not aware of the approach of the train, and so oblivious of her danger, and that by using with ordinary care the means within his control he could have prevented injuring her, but thereafter failed to use with reasonable care the means within his control to prevent injuring her, but wilfully or wantonly or recklessly ran the train or engine on to or against her, and thereby injured her, you will find for the plaintiff, notwithstanding you believe she was guilty of negligence contributing to her injury."

And upon the part of defendant the court instructed the jury as follows:

"2. The jury are instructed that if they find the plaintiff was walking along a path by the side of defendant's railway where people were accustomed to walk in safety, and you further find that the engineer in charge of defendant's train saw her in time to have stopped the train before reaching her, but that he, in the exercise of ordinary care, believed the train would pass her without striking her, and you further find that the engine did pass her without striking her, and that some other portion of the train brushed her or frightened her, so that she fell and was hurt, your verdict should be for defendant.

"3. Unless you find from a preponderance of the evidence that the engineer in charge of defendant's train saw plaintiff in time to have prevented the injury, your verdict should be for defendant."

The law governing the duty of a railroad company to a trespasser upon its track or to one who at or near its track has become imperiled by his own negligence has been stated frequently by this court.

It is well established that when a defendant becomes aware of the plaintiff's negligence and of the danger to which that negligence exposes him, and yet fails to exercise ordinary care in avoiding it, he is liable for the injury. In such a case it matters not if the plaintiff was guilty of negligence. The failure to use ordinary care to avoid injuring the plaintiff after his perilous situation has been discovered renders immaterial the inquiry as to the contributory negligence of the plaintiff in exposing himself to injury. In such a case, as has been said by this court: "The defendant would be guilty either of wilful negligence or of negligence which might be said to be the proximate cause of the injury; while the negligence of the plaintiff would be but the remote cause or a mere condition of the injury." *Johnson* v. *Stewart*, 62 Ark. 164; *Sibley* v. *Ratcliffe*, 50 Ark. 477; *Kansas & A. V. Rd. Co.* v. *Fitzhugh*, 61 Ark. 341; *St. Louis & San Francisco R. Co.* v. *Townsend*, 69 Ark. 380; *St. Louis, I. M. & S. Ry. Co.* v. *Evans*, 74 Ark. 407; *St. Louis, I. M. & S. Ry. Co.* v. *Hill*, 74 Ark. 478; *Griffie* v. *St. Louis, I. M. & S. Ry. Co.*, 80 Ark. 186; *Missouri & North Ark. Rd. Co.* v. *Bratton*, 85 Ark. 326.

In this case the evidence tended to prove that the engineer saw the plaintiff walking so near the track that her situation was

perilous; her back was towards the train, and a bonnet was over her head, so that it was apparent that she was oblivious to her danger. This was apparent to the engineer at a distance when he could by ordinary effort have stopped the train before striking plaintiff.

But the defendant is further liable because its engineer saw the plaintiff ahead and so near to the track that she would be struck by the passing train, and that she gave no evidence that she was aware of the approach of the train; and after thus discovering her perilous situation the defendant negligently failed to give any warning signal of the danger.

In 2 Thompson on Negligence, § 1741, quoted with approval in *St. Louis, I. M. & Sou. R. Co.* v. *Evans,* 74 Ark. 407, it is said: "The most obvious suggestion of prudence and social duty requires that the engineer who is driving the train shall give warning signals to a trespasser whom he sees on the track in front of the train, with his back to it, in sufficient time to enable him, after hearing the engine, to quit the track in safety; and this is so although the trespasser suddenly and unnecessarily assumes a place in dangerous proximity to the track."

It is contended by defendant that the train did not strike the plaintiff; that the plaintiff turned suddenly in her fright as the train passed her, and that in so turning she fell to the gravel walk, and whatever injury she sustained was caused by her fall on the walk. There was some testimony introduced to sustain that theory; but we think there is ample evidence to sustain the finding that she was struck by the train on her right hip as it passed her, and that by the stroke she was knocked around and away from the moving train.

After a careful examination of the testimony, we think there is sufficient evidence to sustain the verdict of the jury.

The judgment is therefore affirmed.