St. Louis & San Francisco Railroad Company *v.* Caldwell.

Opinion delivered January 24, 1910.

1.  Carriers—duty as to station and grounds.—As a general rule, railroad companies are bound to keep in safe condition all portions of their platforms and approaches thereto to which the public do or would naturally resort, including station grounds reasonably near to the platform where passengers about to enter or debark from the cars would be likely to go. (Page 289.)

2.  Same—duty of lessee of railroad.—The duty of maintaining the station and grounds adjacent thereto in a safe condition rests upon the lessee of a railroad to the same extent that it devolved upon the lessor before the lease was made. (Page 289.)

3.  Same—duty to protect passengers.—The fact that a passage way on the right-of-way of a railroad company was constructed by town authorities does not absolve the railroad company from its duty to keep the·approaches to its premises in a safe condition.   (Page 289.)

4.  Evidence—when secondary evidence admissible.—The rule that secondary evidence is inadmissible until proof is made that the primary evidence is not obtainable does not apply where the secondary evidence relates to a collateral matter, and does not form the basis of the cause of action.   (Page 290.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge ; affirmed.

`    W. F. Evans and B. R. Davidson, for appellant.

1.   The copy of the deed from Kansas & Texas Coal Company to Little Rock & Texas Railway Company was inadmissible because (a) no foundation was laid for its introduction—no showing of effort to obtain the original deed, nor why the original was not produced.   Kirby's Dig. § § 756-757; 76 Ark. 400; *Id.* 461; 77 Ark. 244.   (b) The blue print attached to the original

deed showing the right-of-way conveyed, and an essential part of the description, was not copied. (c) It was error to permit appellee's attorney to state to the jury when he read the deed, himself not being under oath, that the section 13 referred to therein embraced the lands in controversy. 111 Mich. 663.

2. Appellant was operating the road under a lease. The coal pit was excavated and the embankment was erected by the Kansas & Texas Coal Company years before. The lessee is not responsible for the improper construction of a permanent structure of this character. 59 Ark. 312; 11 Am. & Eng. R. Cas., 458; 31 Atl. 637; 51 S. E. 699.

3. Appellant laid no claim to the land outside of the embankment, it was unnecessary for the operation of the road, and appellant was not required to go on lands owned by the lessor and fill pits that may have been dug by the lessor, even if the lands had been shown to belong to it. But for more than twenty years no ownership had been exercised over the land, either by the lessor or lessee. 70 Ark. 389; 69 Ark. 104; 77 Ark. 387; 90 Ark. 178.

4. If it be true that appellee was allowed as a licensee to walk near the railroad track, there was, nevertheless, a walk sufficiently wide and perfectly safe provided for that purpose. If he voluntarily wandered out into an unsafe place, the appellant is not liable for resultant injuries. 2 N. H. 392; 86 Fed. 297; 27 Atl. 464; 53 N. E. 799; 51 N. E. 521; 14 Am. Rep. 686; 5 *Id.* 295; 48 Am. Rep. 211; 56 Am. Rep. 241. As a licensee, appellant owed him no duty except not to wantonly injure him. 7 Fed. 78; 70 Ark. 389.

*John W. Goolsby* and *Mechem & Mechem,* for appellee.

1. As a rule, railroad companies are bound to keep in a safe condition all portions of their platforms and the approaches thereto, as also all portions of their station grounds reasonably near to the platform, where passengers or those who have purchased tickets with a view to take passage on the cars, or to debark therefrom, would naturally or ordinarily be likely to go. 46 Ark 182.

2. The copy of the deed was admitted to show the width of the right-of-way and not to show title. It was not necessary to lay a foundation for its introduction. 23 Am. Dec. 140; 4 Cranch, 398:

McCULLOCH, C. J.   Appellee sues to recover damages resulting from personal injuries received by falling into an unprotected hole or pit in one of the approaches to the railroad station of appellant at the town of Huntington, Arkansas.  He recovered a verdict for damages, and appellant has brought the case here for review.

It is alleged in the complaint that appellant, for several years prior to the time appellee was injured, negligently permitted a large and deep hole or excavation with perpendicular sides to remain open and unprotected on its right-of-way in close proximity to the principal approach to the station at Huntington; that said approach was along and over the right-of-way, and was then being used, and had for several years been used, by the traveling public, with the knowledge and consent of appellant, in going to and from the station; that appellee was unacquainted with the approach and hole, and that in debarking from a train and going from the station in the night time he followed the lead of other passengers along the approach and, without negligence, stepped or fell into the hole, and was injured.  Appellant in its answer denied all the allegations of the complaint, and pleaded that appellee's injury resulted from his own negligence.

The evidence adduced by appellee was sufficient to establish the following state of facts:  At Huntington, Arkansas, there is a passage way or approach along the railroad right-of-way parallel with the tracks, running from one of the principal streets to the railroad station.  This was openly and generally used by passengers going to and from the station, and had been so used for many years.  The tracks and approach were on a high dump. There had originally been a spur track built by a coal mining company from the main track of the railroad to a coal mine; but the mining company had many years before abandoned the track, and a part of it had been used by the railroad company as a spur track, running parallel with the main track.  The approach runs along between the spur track and edge of the dump.  The hole was made by the mining company, being called a strip pit, and is fifty to one hundred feet wide, and twelve to twenty feet deep, running parallel with the tracks.  It is about seventy-five feet from the station and twelve feet from the edge of the track—the approach or passage way running between.  The hole was un-

protected, and the side next to the approach was perpendicular. On the night in question, appellee debarked from the passenger train, and started, with other passengers, to go along the passage way to reach the street. It was dark, and he stepped to one side in order to let a man pass who was coming up behind him with a lantern, and in doing so he fell into the pit and sustained personal injury. The evidence was sufficient to warrant a verdict in appellee's favor.

This court has stated the law on this subject to be as follows: "As a general rule, railroad companies are bound to keep in a safe condition all portions of their platforms and approaches thereto, to which the public do or would naturally resort, and all portions of their station grounds, reasonably near to the platform, where passengers, or those who have purchased tickets with a view to take passage on the cars, or to debark from them, would naturally or ordinarily be likely to go." *Texas & St. Louis Ry. Co.* v. *Orr,* 46 Ark. 182. See also *St. Louis, I. M. & S. Ry. Co.* v. *Dooley,* 77 Ark. 561.

Appellant was a lessee, operating a leased railroad, and the pit was dug during the holding of its lessor; but this does not affect the question of its liability for negligent failure to exercise care to protect its patrons and passengers and others who have a right to come upon its premises. Elliott on Railroads, § 471; 3 *Id.* § 1134. This duty rests upon the operating lessee of a railroad independent of any statute; but it is clearly the policy of our statutes to impose upon such a lessee all the duties imposed on the proprietor. *St. Louis & S. F. Rd. Co.* v. *Hale,* 82 Ark. 175.

Appellant relies on *Fordyce* v. *Russell,* 59 Ark. 312, and like cases, holding that, in order to hold a railroad corporation liable for damages to adjoining lands resulting from a nuisance created by its predecessor, it must be shown that the last company had done some affirmative act adopting the nuisance, and that the mere failure to remove the nuisance does not create liability. This doctrine cannot, however, be invoked to relieve a railroad company from its duty to protect the public, and particularly its patrons and passengers. Even if appellant had no right to fill the abandoned pit on the property of the mining company, it should have protected the passage way by a fence or railing at the place

where it abutted on the pit, so as to guard travelers from the danger. At least, if the exercise of care for the safety of travelers required it, then appellant should have done that, and the jury were warranted in finding that it was negligence not to do so.

There was some evidence to the effect that the town authorities constructed the passage way; but it was on the railroad right-of-way, and that did not absolve the railroad company from its duty to exercise ordinary care in freeing from danger the passage way which was an approach, **on its own premises, to the station,** and was habitually used by its patrons in passing to and from the station.

The question of contributory negligence was properly submitted to the jury, and the question was one of fact for the jury to decide whether or not appellee was guilty of negligence under the circumstances described.

Appellee was allowed, over appellant's objection, to introduce in evidence a certified copy of a certain deed to the Little Rock & Texas Railway Company, appellant's lessor. This was done to show the width of the right-of-way, and objection was made on the ground that no foundation was laid for the introduction of the record by first showing why the original deed could not be produced. The deed related to a collateral matter, and did not form the basis of the cause of action, and therefore its introduction did not fall within the rule that secondary evidence should be excluded unless proof is made that the primary evidence was not obtainable. 17 Cyc. 469.

The instructions of the court were in accord with the law as here announced, and we find no error in giving instructions or in the refusal of those requested by appellant.

Affirmed.