LEE LINE STEAMERS *v.* CRAIG.

Opinion delivered February 23, 1914.

1. EVIDENCE—BEST EVIDENCE—WRITTEN RULES OF CORPORATION.—Where a carrier has written rules governing the transportation of freight, the written rules are the best evidence, and oral testimony by the carrier's agent as to the rules is incompetent. (Page 552.)

2. CARRIERS—LOSS OF FREIGHT—LIABILITY.—Where plaintiff delivered freight to the local agent of defendant carrier for immediate shipment, and the agent received the property and placed it on defendant's steamboat, but the clerk of the steamboat refused to carry it, because of a rule of the carrier against transporting it, and had the freight taken from the boat, and the same was lost before it was redelivered to plaintiff, the carrier will be responsible to plaintiff in an action for damages for loss of the property. (Page 553.)

3. APPEAL AND ERROR—INSTRUCTIONS—PREJUDICE.—Although an instruction is erroneous, a cause will not be reversed, where the rights of the appellant were not prejudiced by the giving of the instruction. (Page 553.)

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; affirmed.

*E. L. Westbrook,* for appellant.

There was no completed delivery. 75 Ark. 100; Hutchinson on Carriers, § 94; 60 Ark. 339. The court's charge to the jury was misleading and without evidence to support it.

*J. T. Coston,* for appellee.

The uncontradicted evidence shows that the buggy and harness were delivered to, and received by, appellant's agent as freight, and, the judgment of the lower court being right under the facts (the loss being admitted), the same should be affirmed, even though there may be error in the instructions. 4 Elliott on Railroads, §§ 1403-4-5, 1464; 63 Ark. 338.

HART, J. H. M. Craig brought this suit against the Lee Line Steamers to recover damages for the loss of a runabout and harness, which it is alleged in the complaint had been delivered to the defendant as a common carrier for transportation.

The facts, so far as are necessary to present the issues raised by the appeal, are substantially as follows:

The defendant, Lee Line Steamers, was a common carrier, operating and running a line of steamboats on the Mississippi River from Memphis to St. Louis, including Osceola and Barfield, in Arkansas. Walter Cox was a local agent for the defendant, and stated that he was supplied with bills of lading, and that his instructions were to issue bills of lading when goods, wares and merchandise were delivered to the Lee Line Steamers at Osceola for transportation; that he had authority to issue bills of lading for all property received for transportation, except cotton, which was covered by a special contract. During the latter part of June, or about the 1st of July, 1912, the plaintiff, Craig, instructed A. J. Huckaby, who was in the transfer business in the town of Osceola, to carry a runabout and harness for him to the steamboat landing to be shipped to Barfield on one of the boats of the defendant company. Cox, the agent of the defendant, lived next to Huckaby, and Huckaby told him that he wanted to deliver the plaintiff's runabout at the steamboat landing for it to be shipped to Barfield. Cox told him all right, to send it up and he would ship it. Later in the day Huckaby carried the runabout and harness, and left them at the steamboat landing. Cox was not there to give him a bill of lading at the time. When the boat arrived, Cox went down to the landing, and the runabout and harness were placed on the boat. The clerk of the boat asked Cox if he would guarantee the freight charges on the runabout. Cox replied that he would not, and the clerk demanded that the runabout should be taken off of the boat, which was done. Cox said that he then directed one of the "roustabouts" to place the runabout and harness in the defendant's warehouse, but did not know whether it was done. Cox further stated that the runabout was taken away some time during the night. There is some testimony tending to show that the runabout was placed on the steamboat of another company, but by whom it does not appear. The evidence for the

plaintiff shows that the runabout was never delivered to the consignee at Barfield, and that the plaintiff did not have it in his possession any more after it was delivered to the defendant for shipment to Barfield.

The jury returned a verdict for the plaintiff, and the case is here on appeal.

It is contended by counsel for defendant that the court erred, both in the admission of testimony, and in its instructions to the jury. On the other hand, it is contended by counsel for plaintiff that, under the undisputed evidence, the plaintiff was entitled to recover judgment, and that inasmuch as under the settled rules of this court judgments are only reversed for errors prejudicial to the rights of the appellant, the judgment should be affirmed. In this contention, we think he is correct.

The defendant introduced in evidence a letter written by the defendant to all its agents, from Memphis, and dated July 15, 1912. In this letter attention is called to the fact that Barfield is a prepay point, and that all shipments for it must be prepaid. This letter was, in effect, the promulgation of a rule by the defendant company that as to future shipments of freight, Barfield must be considered as a prepay point, and that an agent had no authority to accept for immediate shipments freight for that point unless the charges were paid in advance. The undisputed testimony shows that the runabout and harness were delivered to the agent for immediate shipment during the latter part of June, or the first of July. The defendant also offered to prove by its claim agent that during the month of June, under the rules of the company, Barfield was a prepay point for freight consigned to persons at that place. His testimony further showed that the rules were in writing, and the court sustained an objection to his testimony because the written rules were the best evidence.

The court was right in sustaining an objection to this testimony, because the rules of the company on this question was not a collateral issue in the case, and the written rules themselves being the best evidence, such

rules could not be proved by parol testimony without laying the proper foundation therefor. See *Supreme Lodge Knights of Pythias* v. *Robbins,* 70 Ark. 364; *Home Insurance Co.* v. *North Little Rock Ice & Electric Co.,* 86 Ark. 538; *St. Louis & S. F. Ry. Co.* v. *Caldwell,* 93 Ark. 286.

The undisputed evidence shows that the runabout and harness were delivered for shipment before the 15th day of July, 1912, and there is no evidence in the record tending to show that shipments of freight from Osceola to Barfield were required to be prepaid before the 15th day of July, 1912. It is therefore unnecessary to determine what effect the establishment by the company of a rule requiring the payment in advance of freight charges on shipments of freight between those two points would have on a shipper who was ignorant of such rule. The liability of a carrier commences when it receives the entire custody of goods for immediate transportation, and not from the date of the bill of lading. *Ry. Co.* v. *Neel,* 56 Ark. 279; *Ry. Co.* v. *Murphy,* 60 Ark. 333.

The undisputed evidence shows that the plaintiff delivered a runabout and harness, of the value of $85, to the local agent of the defendant for immediate shipment to Barfield; that the agent took charge of the property and placed it on the boat; that the clerk of the boat refused to carry it, and had it taken from the boat. Thereafter, the property was lost, before it was redelivered to the plaintiff or to his consignee. Under this state of facts, the plaintiff was entitled to recover, and it is immaterial whether the court erred in its instructions to the jury, for, as above stated, it is well settled that this court only reverses a judgment for errors prejudicial to the rights of the appellant; and we hold that under the undisputed facts in this case the plaintiff was entitled to recover. Therefore, the judgment will be affirmed.