JOHNSON *v.* POINSETT LUMBER & MANUFACTURING COMPANY.

4-2911

Opinion delivered April 17, 1933.

238

*C. T. Carpenter,* for appellant.

*Lamb & Adams,* for appellee.

JOHNSON, C. J., (after stating the facts). It is apparent from the allegations of the complaint that the only cause of action alleged or relied upon by appellants was

based upon the doctrine of "discovered peril," or that appellees, after discovering the perilous position of appellant, "carelessly, negligently, wilfully and wantonly drove said car against her," thereby inflicting the injuries complained of.

The court, without objections by appellants, submitted to the jury only the question of "discovered peril" by giving to the jury instructions 1, 2, 3, 5 and 6. The fact is appellants acquiesced in the court submitting this issue only, as evidenced by the court's statement to the jury as follows: "Plaintiff is only requesting that the issue of discovered peril be submitted to the jury." To which appellants did not object, but, on the contrary, tacitly acquiesced.

Appellants complained in the trial court, and now complain, that the court erred in giving to the jury instruction No. 7, which told the jury as a matter of law that appellant Georgia Ann Johnson's presence on the railroad track at the time of the injury was contributory negligence on her part, and by telling the jury in instruction No. 8 that her presence on the track at the time and place of the injury made her a trespasser as a matter of law.

It was immaterial whether or not appellant, Georgia Ann Johnson, was a trespasser. It was also immaterial whether or not she was guilty of contributory negligence in being in the place she was at the time of the injury. The only question which should have been submitted by the trial court was the one of "discovered peril." We do not approve of the instruction of the trial court in telling the jury as a matter of law that appellant, Georgia Ann Johnson, was a trespasser. Neither do we approve of the form of the instruction telling the jury that she was guilty of contributory negligence in being at the place she was at the time of the injury, because those were not issues in the case and should not have been given to the jury. On the other hand, we cannot see how the jury was influenced by those instructions. The jury was told, in effect, that, regardless of contributory negligence and regardless of whether or not appellant was a trespasser, yet she should recover if appellee, Burns, discovered her peril in time to avoid the injury.

This court, in *St. L., I. M. & S. Ry. Co.* v. *Cabiness,* 113 Ark. 599, 168 S. W. 1116, held: "However, the instruction could not, in any view of the case, have operated to defendant's prejudice, for the reason that there was no controversy about the efficiency of the lookout. * * * In that state of the proof no prejudice could possibly have resulted, even if the language of the instruction was erroneous."

In a long line of decisions this court has held: "Where the rights of the appellant were not prejudiced by the giving of an erroneous instruction, the case should not be reversed." *Lee Line Steamers* v. *Craig,* 111 Ark. 550, 164 S. W. 274; *Patterson* v. *Fowler,* 22 Ark. 396; *Hellems* v. *State,* 22 Ark. 207; *St. L., I. M. & S. Ry. Co.* v. *Phelps,* 46 Ark. 485; *Ark. Lbr. & Contractors' Supply Co.* v. *Benson,* 92 Ark. 392, 123 S. W. 367.

We cannot agree with counsel for appellants that there is any conflict in the instructions given by the trial court.

Lastly, it is contended on behalf of appellants that the trial court erred in giving to the jury the last half of instruction No. 8, which told the jury that "discovered peril began, if at all, when it became apparent to Burns that appellant, Georgia Ann Johnson, was not only upon the track between the rails, but that she would remain there."

There was no error in giving this instruction. Certainly appellant, Georgia Ann Johnson, would not have been injured if she had remained outside the rails. It was an admitted fact in the lawsuit that Burns was driving a small motor car, and there was no contention in the trial court that appellant would have been in any danger had she remained outside the rails. We think the uncontradicted testimony in this case shows that, had appellant remained outside the rails, she would have been in no danger.

Trial courts should be commended for narrowing down the issues for the jury's consideration, instead of condemning them for an honest effort to do so.

No prejudicial error appearing, the judgment is affirmed.

MEHAFFY, J., (dissenting). I do not agree with the majority in affirming this case.

The Poinsett Lumber & Manufacturing Company operated a railroad for the purpose of hauling logs. The public used the railroad track, where appellant was injured, as a highway. The track was straight for at least a quarter of a mile. Appellee's employee, who was driving the car, testified that he first saw her a quarter of a mile ahead walking on the outside of the track; that when he got within 175 or 200 feet of Mrs. Johnson she stepped between the rails; that he thought she intended to cross the track; but he testified also that she started down the track, so that, according to his testimony, she was walking in front of the car when she was from 175 to 200 feet ahead of him. There is no testimony either by the employee who was operating the car, or any other person, that she looked back or did anything to indicate that she knew the car was approaching. The employee operating the car also testified that he was going twenty-five miles an hour, and that going fifteen miles an hour he could stop the car within 75 or 100 feet.

Ellis Renfrow testified that he lived at Singer Camp No. 1 and operated one of the motor cars; that if the rails were dry, he could stop the car when traveling 25 miles an hour in 60 to 90 seconds.

Joe Patillo testified that, if the brakes were in good condition, he thought he could stop the car going 15 or 20 miles an hour in 15 or 20 feet; that it would take 2 or 3 feet further to stop a car running 20 miles an hour than it would one running 15, and possibly five feet further running 25 miles an hour.

The evidence showed that at the place where appellant was injured the track was straight, and showed that school children and the public used this track just as appellant was using it at the time she was injured. One witness said: "There was a beaten path in the center of the track. People going to church and children going to school from that direction used the railroad track. This fact was known to everybody in that community."

Fred Henning, who had formerly lived at Camp No. 1, testified that the road south of the camp was straight for about one mile; that people going in that direction used the railroad track; that there was a beaten path in the center of the track.

Mrs. Franey Hamilton testified that she saw the accident; that Mrs. Johnson was going down the track and did not look back. She saw the car approaching her 40 yards before it struck her. The car was going about 20 miles an hour, and did not seem to slow up a bit.

The court, at the request of the appellee, gave the following instructions:

"Instruction 7. The court instructs you that under the evidence in this case plaintiff, Georgia Ann Johnson, was guilty of contributory negligence in walking upon the track, that is, such want of ordinary care on her part for her own safety contributing to her injuries, and your verdict will therefore be for the defendant, unless you further find from the evidence that after Burns discovered that she was in peril he failed to exercise ordinary care to avoid injuring her."

"Instruction 8. In this case 'discovered peril' began, if at all, when it became apparent to Burns that plaintiff, Georgia Ann Johnson, was not only upon the track between the rails, but that she would remain there, and that she would be struck by the motor car unless it was stopped. That is, gentlemen, that the plaintiff was a trespasser in walking upon the railroad track, and if, being a trespasser at that time and place she would be guilty of contributory negligence by being there, the railroad company having the exclusive right to the use of its track."

I think the learned trial judge should not have given instructions 7 and 8 copied above. This was a logging railroad, and the place where appellant was injured was constantly used by the public as a footpath, and everybody, including the employees of the railroad company, knew it. This being true, the question whether appellant was guilty of contributory negligence was a question of fact for the jury.

In instruction 8 the court told the jury that discovered peril began, if at all, when it became apparent to Burns that Georgia Ann Johnson was not only upon the tracks between the rails, but that she would remain there, and that she would be struck unless the car stopped.

That might be true if there was anything about her appearance or behavior to indicate that she was aware of the approach of the car. But, if there was nothing about her conduct to indicate that she knew of the approach of the car, it was the duty of the driver to immediately take precautions to prevent her injury.

When the operator of an engine or car sees one walking in front of the car with her back to the car, and apparently oblivious to its approach, he cannot presume that she will get off the track. If she knew of the approach of the car or there was anything in her conduct to indicate that she knew the car was approaching, the driver of the car would have a right to presume that she would step off the track.

The jury should have been told, in connection with instruction No. 8, that, if the driver of the car discovered the appellant on the track between the rails, apparently unconscious of the approach of the car, he must immediately exercise whatever care was apparently necessary to avoid striking her. If she was on the track in front of the moving car, she was in danger, and the doctrine of discovered peril means that where the danger of inflicting an injury is discovered by the person inflicting it in time to prevent the injury by the exercise of proper care, he will be liable for the injury if he does not exercise reasonable care, though the injury would not have occurred but for the previous negligence of the person injured. *Furst-Edwards & Co.* v. *St. L. Sw. Ry. Co.*, (Tex. Civ. App.) 146 S. W. 1024; *Chesapeake & Ohio Ry. Co.* v. *Corbin's Admr.*, 110 Va. 700, 67 S. E. 179; *Mo. Pac. Ry. Co.* v. *Skipper*, 174 Ark. 1083, 298 S. W. 849.

This court said: "In this case the evidence tended to prove that the engineer saw the plaintiff walking so near the track that her situation was perilous; her back

was towards the train, and a bonnet was over her head, so that it was apparent that she was oblivious to her danger. This was apparent to the engineer at a distance when he could by ordinary effort have stopped the train before striking plaintiff.

"But the defendant is further liable because its engineer saw the plaintiff ahead and so near the track that she would be struck by the passing train; and that she gave no evidence that she was aware of the approach of the train; and after thus discovering her perilous situation the defendant negligently failed to give any warning signal of the danger." *St. Louis S. W. Ry. Co.* v. *Thompson,* 89 Ark. 496, 117 S. W. 541.

"The most obvious suggestion of prudence and social duty requires that the engineer who is driving the train shall give warning signals to a trespasser, whom he sees on the track in front of the train with his back to it, in sufficient time to enable him, after hearing the signals, to quit the track in safety; and this is so, although the trespasser suddenly and unnecessarily assumes a place in dangerous proximity to the track." Vol. 2, Thompson on Negligence, § 1741.

When one discovers a person on the track with his back to the approaching car, and there is nothing to indicate that the person is aware of the approach of the car, it is the duty of the driver of the car to give extra alarms, and, if the alarms are not heeded, then to check the speed or stop the car. *St. Louis, I. M. & So. Ry. Co.* v. *Evans,* 74 Ark. 407, 86 S. W. 426.

The evidence in this case shows that the driver discovered the pedestrian in front of the car with her back to him, apparently oblivious to the approach of the car, and it does not show that he took any precaution at all until too late to avoid the injury. If one can operate a car or a train running directly toward the person on the track, when such person gives no indication that the approach of the car has been observed, and, without giving any alarm, strikes such pedestrian, then the doctrine of discovered peril would be meaningless.

One's peril is discovered when he is seen walking in front of the train and apparently oblivious to its approach, and the driver should not wait until it becomes apparent that the pedestrian was not going to get off the track. It might not become apparent to the driver until he struck the person.

It was not proper to tell the jury that her peril was not discovered, if at all, until it became apparent to Burns that she would be struck by the motor unless it was stopped. Her peril was discovered when she was seen in a situation of danger of which she was ignorant.

I think also that the clause in the instruction, "if at all," might have been interpreted by the jury as an expression of doubt by the court as to whether her peril was discovered or not.

There are two instructions numbered 8 in the abstract, and the second one tells the jury that Mrs. Johnson was a trespasser. Under the evidence in this case she was a licensee, and the jury should not have been told that she was a trespasser. To be sure, this case was tried on the theory of discovered peril, and there would be no difference in the liability of the appellee under that theory, whether she was a licensee or trespasser, but telling the jury that she was a trespasser was equivalent to telling them that she was a wrongdoer, because every trespasser is a wrongdoer, but a licensee is not necessarily a wrongdoer. The court should not have told the jury that she was a trespasser.

I think the court should not have told the jury when appellant's peril was discovered. That was a question of fact for the jury. The jury should have been told what constitutes discovered peril, and then the jury should decide whether, and when, her peril was discovered.

I therefore think that the case should be reversed.

I am authorized to say that Mr. Justice HUMPHREYS and Mr. Justice KIRBY agree with me.