Rinn v. Rhodes.

Petition overruled.

Filed Feb. 1, 1884.

———————

No. 11,071.

RINN v. RHODES.

93  339<br>149  161

MARRIED WOMAN.—*Sale of Personal Property to, by Husband.*—*Consideration.* —*Principal and Surety.*—The assumption by a married woman of the payment of the debt of her husband for which she was surety constitutes a valid contract under section 5115, R. S. 1881, and is a valuable consideration for the sale to her of personal property by her husband; nor does the fact, in the absence of fraud, that the property remained in the possession of the husband as her agent to sell it, invalidate the sale.

From the Fountain Circuit Court.

*L. Nebeker* and *H. H. Dochterman,* for appellant.

*J. W. Copner,* for appellee.

COLERICK, C.—This was an action of replevin instituted by the appellee against the appellant. It was tried by the court and resulted in a finding in favor of the appellee, and over a motion for a new trial, assigning as the causes therefor that the finding was not sustained by sufficient evidence and was contrary to the evidence, a judgment was rendered in her favor, from which the appellant appeals, and assigns as error for the reversal of the judgment, the overruling of the motion for a new trial.

The evidence, which is in the record, shows that the appellee, on the 16th day of December, 1881, executed with her husband and as his surety, a note to Elizabeth Kraft for $600, and to secure its payment joined with her husband in a mortgage to the payee upon certain real estate owned by them jointly, and he, to indemnify the appellee against any loss which she might sustain, executed to her a mortgage upon other real estate solely owned by him, and afterwards sold to her the personal property in controversy, and as the

consideration therefor she assumed the payment of the debt due to Elizabeth Kraft, as well as a debt for $150 which he owed to other persons.   It further shows that the property in controversy at the time of its sale to the appellee was in the possession of her husband, and remained in his possession as her agent with authority to sell the same for her, until it was levied upon by the appellee, as sheriff, to satisfy an execution issued upon a judgment rendered in the Fountain Circuit Court in favor of Isaac F. Stone against the appellee's husband, who, at said time, owned no property subject to execution, out of which said judgment could be made, except that in dispute.   The appellee, as a witness, testified, on her examination-in-chief, that the sale of the property to her was absolute, while, on her cross-examination, she stated that it was transferred to indemnify her against any loss which she might sustain by reason of the mortgage which she had executed with her husband to Elizabeth Kraft, but, on her re-examination, she reiterated her former statement that the sale was absolute.   The evidence further shows that the appellee at the time of the sale knew that her husband was in embarrassed circumstances.   Upon this evidence the appellant insists:   1st. That there was no sale of the property in controversy to the appellee, but merely an attempt to fix a lien thereon in her favor.   2d. That if a sale was intended, it was ineffectual, because no delivery or change of possession of the property took place, and 3d. That the supposed sale was not only *prima facie* fraudulent and void, but was fraudulent in fact, and therefore void.

The evidence, to which we have referred, tends to show that an absolute sale of the property occurred, and, therefore, under the practice of this court, we can not, for that reason, disturb the finding.   In *Powell* v. *Stickney*, 88 Ind. 310, it was held that the possession of personal property by the seller after sale does not, of itself, make the sale fraudulent, for if it appears that the sale was for a valuable or fair consideration, and the seller remained in possession merely as agent,

Rinn v. Rhodes.

and there was no fraudulent intent on the part of the buyer, the sale will be valid, and that fraud was a question of fact for the jury, and that a case of fraud was not established by merely showing a sale of goods without a change of possession. It was also held in the case cited that where a surety assumes the payment of the debt of his principal, and in consideration thereof the principal transfers personal property to the surety, the transaction is upon a valuable consideration, and the sale will not be set aside unless it is shown that both buyer and seller were guilty of fraud, as the rule governing cases of voluntary conveyances does not obtain where the conveyance is made upon a valuable consideration.

In this case the assumption by the appellee of the debt of her husband, for which she was surety, constituted a valuable consideration. A promise, based upon a valuable consideration, made by one person, to pay the debt of another, is a valid promise that can be enforced by the person in whose favor it is made, although not a party to the agreement. *Davis v. Galloway*, 30 Ind. 112, and cases there cited. The fact that the appellee was a married woman did not render the contract as to her invalid, as all legal disabilities of married women to make such contracts had been prior to that time abolished. R. S. 1881, section 5115.

As the retention of the possession of the property, under the circumstances stated, by the husband, after its sale to the appellee for a valuable consideration, did not, of itself, render the sale fraudulent, it must be upheld, unless it was, in fact, fraudulent, which was a question for the court to determine upon the evidence. We can not say that the court erred in its finding upon this question, as the evidence tends, at least, to sustain it.

No error was committed in overruling the motion for a new trial.

PER CURIAM.—The judgment is affirmed at the costs of the appellant.

Filed Jan. 30, 1884. Petition for a rehearing overruled Mar. 8, 1884.