## Arkansas Lumber & Contractors' Supply Company *v.*

## Benson.

### Opinion delivered November 29, 1909.

1. Instructions—harmless error.—The giving of an erroneous instruction was not ground for reversal where it could not have prejudiced the appellant. (Page 398.)

2. Statute of frauds.—contract for services.—A contract for personal services to be rendered within a year is not within the statute of frauds. (Page 398.)

3. Same—waiver.—Where, in a suit upon a contract within the statute of frauds, the statute was not pleaded in the trial court, and the contract, without objection, was proved by parol evidence, all objections because it was not put in writing were waived. (Page 398.)

4. Instructions—applicability to evidence.—Instructions which were inapplicable to the evidence were properly refused. (Page 399.)

5. Same—oral charge.—It was not prejudicial error to instruct the jury orally that "written instructions have been submitted to you, covering the theory of the plaintiff and also the theory of the defendant. If, in considering the case, you adopt the theory of the plaintiff, the plaintiff's instructions should govern you. And, if you adopt the theory of the defendant, then the defendant's instructions should govern you." (Page 399.)

Appeal from Garland Circuit Court, *W. H. Evans,* Judge; affirmed.

*Greaves & Martin,* for appellant.

The words "goods, wares and merchandise" in the statute of frauds include whatever is not embraced in the words "lands, tenements and hereditaments." 13 Gratt. 789; 24 N. Y. 353; 36 Vt. 64; 55 L. R. A. 155; 54 Atl. 225; 34 N. H. 477; 26 Atl. 134; 2 Wend. 327. There must have been a sale before the broker is entitled to his commission. 87 Ark 506; 105 Cal. 514; 45 Am. St. 87; 13 La. Ann. 51; 50 N. Y. S. 128; 27 App. Div. 117; 116 Ill. App. 397; 214 Ill. 259; 64 Ill. App. 208; 14 C. C. A. 109; 66 Fed. 425. An acceptance in order to bind the party offering must be without condition and in due time. 137 Fed. 586; 69 C. C. A. 674; 22 Fed. 596; 41 So. 675; 68 L. R. A. 226; 95 Mo. App. 426; 69 S. W. 34; 85 Mo. App. 542; 97 Me. 408; 54 Atl. 918; 35 Kans. 447. If the offer stipulates a time for acceptance, the acceptance must be within such time. 39 U. S. 77;

64 Fed. 560; 56 Ill. 204; 35 Kan. 447; 3 Dak. 141; 13 N. W. 576; 130 Mass. 173; 141 Mass. 278; 76 N. Y. 622; 30 Neb. 536. Reasonable time is such time as protects each party from losses that he ought not to suffer. 61 S. W. 889; 161 Mo. 606. Only so much time as is necessary under the circumstances. 54 Mich. 496; 71 Pac. 1032; 7 N. H. 549. The instructions should be considered together and construed as a whole. 37 Ark. 238; 48 Ark. 396; 59 Ark. 98; 55 Ark. 397; 71 Ark. 38; 64 Ark. 247; 66 Ark. 588; 86 Ark. 104; 83 Ark. 70. Conflicting instructions where the evidence is also conflicting should not be given. 74 Ark. 437; 72 Ark. 41; 65 Ark. 641; 88 Ark. 550. An instruction which assumed as proved a fact which is to be found by the jury is erroneous. 18 Ark. 521; 20 Ark. 471; 23 Ark. 411; 36 Ark. 117; 24 Ark. 540; 71 Ark. 438; 76 Ark. 468; 70 Ark. 337; 74 Ark. 563.

*Hogue & Cotham, Vaughan & Vaughan* and *Palmer Danaher,* for appellee.

As against the agent's right to commission, the principal cannot interpose the objection that the contract is void under the statute of frauds. 149 U. S. 481. There is no room for a plea that the contract is void under the statute of frauds, as this is an action for broker's commission. 76 Ark. 399; 130 Ill. App. 328; 133 Ill. App. 491. Where the minds of the vendor and vendee have been brought to an agreement, the broker is entitled to commission. 83 How. Pr. 440; 87 Cal. 313; 25 Pac. 430; 50 Ill. App. 120; 124 Ia. 61; 99 N. W. 103. An uncommunicated revocation is no revocation at all. 47 Ark. 527.

BATTLE, J. On the 19th day of October, 1907, A. W. Benson filed a complaint against the Arkansas Lumber & Contractors' Supply Company in the Garland Circuit Court, alleging therein that the Lumber & Supply Company, a corporation, employed him as a special salesman, and agreed to pay him a commission on all business secured for it by him at the rate of five per cent. on rough lumber and ten per cent. on millwork, and furnished him with $25 to defray expenses; that on July 27, 1907, he procured from Staunton & Collamore, contractors, a bill of specifications for wood work to be done in the Hotze or Gazette Building in Little Rock, and submitted same to the defendant, who made an estimate of the cost of the bill, and forwarded the

same to plaintiff, and that the bid of defendant was $4,600, and the same was accepted by Staunton & Collamore. Plaintiff claimed a commission of $460, and asked judgment for that amount.

Defendant denied the allegations in the complaint.

The defendant was a corporation organized under the laws of Arkansas with its chief place of business at Hot Springs, in this State, and was engaged in the business of manufacturing lumber and builders' supplies. In June, 1907, it employed plaintiff to do a soliciting business for it in Little Rock at prices it would furnish him from time to time. Benson testified that he was to receive commissions at the rate of ten per cent. on mill work, and five per cent. on rough lumber, on all the orders he received. M. M. Harrell, the manager of the defendant, testified that defendant employed him "and agreed to allow him five per cent. commission on rough lumber and ten per cent. on mill work; this commission to be paid after the material was furnished and he had collected in full for same. He was to keep his commission out and remit the balance to the company." And further testfied that "the defendant reserved the right to refuse or reject any contract on which it had submitted an estimate if it did not receive an acceptance of the bid within a reasonable length of time." The Gazette or Hotze Building, in Little Rock, Arkansas, was then in contemplation. Plaintiff secured a set of the plans of the building and took them to Hot Springs to the defendant, and it agreed to send to plaintiff at Little Rock an itemized estimate of what they would do the work and furnish supplies for. This was done on the 16th day of July, 1907, and he submitted the bid to Staunton & Collamore, the contractors who had undertaken to construct the building, on the 17th or 18th day of the same month; and they accepted the bid on the second day of September, 1907. On the 7th day of September, 1907, defendant refused to perform what it had proposed to do by its bid. Plaintiff testified that Harrell, the manager of the defendant, met him on that day and said, "Benson, we can't get out this mill work. We are going to shut down." Harrell testified: "The defendant did not accept this work, for the reason that we never heard from A. W. Benson, or any one else, in a reasonable length of time after we had made the estimate, and naturally supposed we had failed to get the job, and before

we did hear from them we had used up a quantity of birch lumber that we had figured on using for the interior of the building for this job, and that our company did not feel like accepting the order at the time he (Benson) said he had secured it, as we (defendant) were not in a position to get the work out as cheaply as we could have done had we received the order within a reasonable length of time after giving an estimate on same." H. R. Vaughan, the president of the defendant company, testified that that was not the reason, but because no arrangement was made as to how the proposition made by the bid should be performed.

Benson testified that, after the bid was submitted to Staunton & Collamore, and before its acceptance, he communicated with the defendant, through its manager, Harrell, almost daily, by letter and telephone; that the company never made any complaint of the delay at all, but encouraged him all the time, and told him to keep on trying, and that when finally he advised it of his success, it congratulated him, and told him it knew he would eventually get that job. Harrell testified that he does not remember these communications.

The contract sued on was not in writing. Twenty-five dollars were advanced to plaintiff by defendant on expense account.

The court gave the following instructions, at the instance of the plaintiff, over the objection of defendant:

"VI. The court instructs the jury that if they find that plaintiff was authorized to find purchasers and submit bids and propositions to prospective buyers for the sale of defendant's lumber, then he was the agent of the defendant for that purpose; and if you find that defendant authorized the plaintiff as its agent to submit a proposition to Staunton & Collamore, to sell them a certain quantity of lumber for $4,600, and that the plaintiff submitted said proposition to said Staunton & Collamore, while he was still acting as such authorized agent of defendant (if you so find), and before the said proposition had been revoked by defendant, then you should find for the plaintiff.

"VII. The jury are instructed that a contract may be either verbal or written, or it may result from the conduct of the parties, and that the one is just as legal and binding as the other. In order to entitle the plaintiff to recover in this case, it is not necessary for him to prove a contract in writing with the defend-

ant, but such contract may be proved by the words or conduct of the parties. And you are further instructed that it is not necessary for the plaintiff to prove that Staunton & Collamore accepted the defendant's bid on the Gazette or Hotze Building in writing, but that said acceptance may be proved or inferred from the words or conduct of the said Staunton & Collamore, made to or in the presence of an authorized agent of the defendant."

The defendant asked for the following instruction: ·

"V. If you find from the evidence that the agreement between the plaintiff and the defendant was that plaintiff might solicit orders for the lumber and mill work, to be supplied by the defendant; that the orders were to be sent to the defendant, and that the defendant was to exercise its judgment as to whether they were to be filled; that, in the event the orders, were filled by the defendant, the plaintiff was to receive a commission of five per cent. on rough lumber and ten per cent. on mill work, payable after the orders were filled and the proceeds collected by the defendant; and if you further find that the defendant made a proposal for mill work with Staunton & Collamore, on or about July 16, 1907, and that said proposal was not accepted until September 2, and that it was not accepted outright then, but was subject to further consideration and agreement as to the time the materials were to be supplied, and when paid for, and other details, and that the defendant then declined to proceed with the matter further, your verdict will be for the defendant."

And the court modified and gave it as follows:

"V. If you find from the evidence that the contract between the plaintiff and the defendant was that plaintiff might solicit orders for lumber and mill work, to be supplied by the defendant; that the orders were to be sent to the defendant, and that the defendant was to exercise its judgment as to whether they would be filled; that, in the event the orders were filled by the defendant, the plaintiff was to receive a commission of five per cent. on rough lumber and ten per cent. on mill work, payable after the order was filled and the proceeds collected by the defendant; and if you further find that the defendant made a proposal for mill work to Staunton & Collamore on or about July 16, 1907, and that said proposal was not accepted within a reasonable time, and was not accepted outright then, but was

subject to further consideration and agreement as to the time and material that were to be supplied, and when paid for and other details, and that the defendant, for a reasonable cause, then declined to proceed in the matter further, your verdict will be for the defendant."

And the defendant asked and the court refused to give the following instructions:

"VI. If you find from the evidence that on or about the 16th day of July, 1907, defendant company furnished the plaintiff, at his request, estimates for a proposed bid on the mill work of the Hotze Building, in Little Rock, to be built by Staunton & Collamore, and that such were furnished to said building contractors, and that plaintiff was informed by them on or about the 2d day of September, 1907, of the acceptance of such proposed bid thus made on the 16th day of July, 1907, then the defendant company had a reasonable time thereafter to signify its acceptance or rejection of the said proposed order. Then as between the plaintiff and defendant, on his claim for commission, if you find such proposed bid was rejected in a reasonable time after September 2, 1908, plaintiff was not entitled to commission as upon a sale of the proposed mill work.

"VII. If you find from the evidence that the defendant, on or about July 16, 1907, made a proposal to furnish Staunton & Collamore certain mill work for $4,600, they can not be held to keep such proposal open for acceptance for an indefinite and unreasonable space of time. And if you find that said proposal was not accepted within a reasonable time, the defendants would not be bound by their proposal; and if they chose not to be bound, you will find for the defendant."

The court gave the following instruction at the instance of the defendant:

"II. If you find from the evidence that plaintiff had authority to solicit the order for mill work from Staunton & Collamore, but that such order was subject to the acceptance or rejection of the defendant company, and such order was rejected by the company, then such was not an agreed sale to the said Staunton & Collamore, so as to entitle plaintiff to commissions on such orders, if he solicited the same from them. It would be necessary in such case for plaintiff to show by a preponderance of the

evidence in the case that such order had been accepted by defendant company or its authorized agent."

The court instructed the jury orally over objection of the defendant as follows:

"Written instructions have been submitted to you, covering the theory of the plaintiff and also the theory of the defendant. If, in considering the case, you adopt the theory of the plaintiff, the plaintiff's instructions should govern you. And, if you adopt the theory of the defendant, then the defendant's instructions should govern you."

The court instructed the jury, if they found for the plaintiff, to find in the sum of $435, which they did, and judgment was rendered in his favor for that amount. To reverse that judgment the defendant prosecutes an appeal.

Appellant objected to instruction given at the instance of appellee and numbered 6 because it is obscure, and justified the jury in returning a verdict for the appellee merely upon being satisfied that he had submitted appellant's proposition or bid to Staunton & Collamore, and that "regardless of whether it was accepted at all, or a sale was made." This defect could not have been prejudicial to the appellant, because the evidence showed beyond controversy that appellant's proposition or bid was accepted by Staunton & Collamore.

Instruction given at the instance of the plaintiff, and numbered VII, was properly given. It was not necessary that the contract sued on should have been in writing. It was a contract for services, and the performance of it was not to be after the expiration of one year from the making of it. *Moore* v. *Camden Marble & Granite Works,* 80 Ark. 274; *McCurry* v. *Hawkins,* 83 Ark. 202; *Kempner* v. *Gans,* 87 Ark. 221, 227; *Taylor* v. *Godbold,* 76 Ark. 399.

No objection was made to the contract between appellant and Staunton & Collamore at the time it was made because it was in parol, and appellant did not refuse to perform it because it was not in writing. The statute of frauds was not pleaded against it in the trial court, and it was proved by parol evidence without objection. All objections to it because it was not in writing were waived. *Sartwell* v. *Sowles,* 72 Vt. 270; *Montgomery* v. *Edwards,* 46 Vt. 151; *Battell* v. *Matot,* 58 Vt. 271;

*Brown* v. *Rawlings,* 72 Ind. 505; *Livermore* v. *Northrup,* 44 N. Y. 107; *Heard* v. *Knights of Honor,* 56 Ark. 267; *St. Louis, I. M. & S. Ry. Co.* v. *Hall,* 71 Ark. 302.

Instruction numbered V as asked or modified should not have been given.  Both Benson and Collamore testified that Staunton & Collamore accepted appellant's bid outright, and they are the only witnesses who pretended to know anything about the terms of the acceptance.  As to the reasonableness of the time between the making of the bid and its acceptance, the instruction in both forms was improper, because it ignored the evidence to the effect that appellant waived the delay and urged appellee to continue in asking for its acceptance up to the time it was accepted.  It in effect instructed the jury to disregard this evidence.

Instructions numbered VI and VII are subject to the same objections as instruction V.  They ignored the fact, as shown by evidence, that appellant had kept its proposal open at all times before the acceptance by its correspondence with Benson by telephone and letter, and left the jury to infer that the acceptance under such circumstances would be of no effect because of such delay.

Appellant objected to the oral instruction of the court.  The objection is not tenable. A similar instruction was sustained in *Dempsey* v. *State,* 83 Ark. 81.

The court committed no reversible error in instructing the jury to return a verdict for $435 if they found in favor of the plaintiff.  That was the amount due him according to the undisputed evidence, if he was entitled to recover anything.  His commissions amounted to $460, and he was owing $25, advanced on expense account, which, deducted from the former amount, leaves $435.

Judgment affirmed.