# CHANDLER v. ROE et al.

No. 3744.   Opinion Filed May 11, 1915.

(148 Pac. 1026.)

1.  **TRUSTS—Resulting Trusts—Deeds — Want of Consideration.**
    Ordinarily, the mere want of consideration in a deed, absolute
    in form, does not, of itself, operate to create a resulting trust
    for the benefit of the grantor against his grantee or those claim-
    ing under him as privies.

2.  **DEEDS—Inadequacy of Consideration.** In the absence of other
    evidence of mistake or fraud, inadequacy of consideration is not,
    of itself, ordinarily, sufficient ground to justify a court to cancel
    a deed.

3.  **TRUSTS—Resulting Trust—Deeds—Inadequacy of Consideration
    —Father and Child.** Even when, under all the facts and cir-
    cumstances in the case, equity would ingraft a trust upon a deed,
    absolute in form, between unrelated parties, for want of a valu-
    able consideration, it will not necessarily do so when the gran-
    tor and grantee are closely related, as father and child, as a
    good consideration therefor lies in such relationship.

    (a)  In case of such relationship, there must ordinarily be
    mistake or fraud, express or implied, to warrant the ingrafting
    of such a trust upon such a deed.

4.  **TRUSTS—Resulting Trust in Land—Creation—Written Instruc-
    trument—Necessity—Waiver—Issues.** Under section 3382 of
    Mansfield's Digest of the Statutes of Arkansas 1884, in force in
    the Indian Territory prior to statehood, when this section is in-
    voked, "all declarations or creations of trust or confidences of
    any lands or tenements shall be manifested and proven by some
    writing signed by the party who is or shall be by law enabled
    to declare such trusts, * * * or· else they shall be void."

    (a)  Where the petition alleges that the petitioner's deed,
    the contents of which is not disclosed thereby, was executed for
    the sole purpose of having a defendant hold the land thereby con-
    veyed in trust for the plaintiff, and the answer of another de-
    fendant, who acquired title by conveyance from the first-men-
    tioned defendant, besides a general denial, alleges title in such
    second grantee, derived from the plaintiff as original source of
    title, by means of said first deed and subsequent conveyance, and
    also an estoppel in pais against the plaintiff, the existence of
    such writing, as well as the fact of such trust, are put in issue.

    (b)  In such case there is no waiver of the requirement of
    such writing to prove such trust, where parol evidence thereof

is objected to, even though this ground of objection is expressed only imperfectly.

5. **TRUSTS—Resulting Trust—Estoppel.** A cestui que trust, who has voluntarily executed to her trustee a deed absolute in form and with covenants of general warranty, which acknowledges receipt of a valuable consideration therefor, but in fact without any such consideration and upon a parol agreement that her trustee shall hold the land so conveyed him in trust for her, is equitably estopped to assert an equitable, and demand the legal, title to such land against a third party, to whom such trustee, with her knowledge and voluntary silent acquiescence, has by deed in like form conveyed such land for a valuable consideration thereupon received in part by her and in part by her said trustee from such third party, although such thirty party took such conveyance with knowledge of such parol trust.

(Syllabus by Thacker, C.)

*Error from Superior Court, Muskogee County;*

*Farrar L. McCain, Judge.*

Action by Elizabeth Roe against Marshall Roe and another. Judgment for plaintiff, and defendant Charles H. Chandler brings error. Reversed.

*William B .Moore* and *Benjamin & Villard Martin,* for plaintiff in error.

*W. G. Robertson, Lewis A. Kean* and *Earl Bohannon,* for defendants in error.

THACKER, C. The plaintiff in error anl Marshall Roe, one of the defendants in error, will be designated as defendants, and Elizabeth Roe, the other defendant in error, as plaintiff, in accord with their respective titles in the trial court. On July 27, 1910, plaintiff commenced this action, alleging, so far as material to this opinion, in substance and effect: (1) That she is the owner and entitled to be adjudged both the title and possession of the E. ½ of the N. E. ¼ of section 27, township 16 N., range 15 E., the same being surplus lands allotted to her as a Creek freedwoman, which defendants withhold from her; (2) that

on December 20, 1906, she conveyed this with certain other lands to the defendant Marshall Roe without consideration, and for the sole purpose of having the same held by him in trust for her; (3) that on February 15, 1907, the defendant Marshall Roe conveyed this land, with other lands, to the defendant Chandler, as security to the latter for his undertaking to finance and otherwise aid in a suit by defendants to cancel a deed to which the name of the defendant Marshall Roe and his wife had been forged, and another deed by the purported grantee in such forged deed, which then beclouded the title to this land; (4) that on February 24, 1910, the defendant Marshall Roe and his wife, without consideration, conveyed this land to the defendant Chandler, which conveyance was therefore void; and (5) that she is ready and offers to pay the said Chandler the amount of all legitimate expenses incurred by him in financing said suit to cancel said forged deed and the deed predicated thereon, but is not advised as to the amount of the same. The petition did not attach a copy nor disclose the contents of either of said deeds, and there was no allegation that the alleged trust rested in parol.

The defendant Marshall Roe filed a disclaimer, and tendered plaintiff a quitclaim deed of this land for his answer to her suit. The defendant Chandler, for his answer, denied, both generally and specially, every fact upon which plaintiff predicated her claim of right to recover, except that she was the oriignal allottee and thus the source of his title, which he admits, and, besides alleging title and possession, and the right thereto, in himself, derived from the plaintiff through defendant Marshall Roe by means of the aforesaid conveyances, he further alleges that she is estopped to assert an interest in this land. This answer referred to and attached copies of the deeds of December 20, 1906, and February 24, 1910, as well as the allotment deed of 1902 to the plaintiff. Plaintiff replied by an unverified general denial.

The uncontroverted evidence shows that each of the afore-

said deeds were absolute in form, with general warranties as to titles; and the only writing tending to show that either of them was not so intended is a written undertaking by the defendant Chandler to the defendant Marshall Roe, executed at the time of the said deed of February 15, 1907, for the reconveyance of the lands, after the successful termination of the suit to cancel said forged deed and the deed predicated thereon, upon the payment to him of all costs and expenses incurred by him in connection with said suit and "all other indebeedness." Plaintiff and the defendant Marshall Roe testified without contradiction that no part of the $1,000 consideration acknowledged in the deed from the former to the latter on December 20, 1906, was paid, the land having been thus conveyed merely "for safe-keeping."

Plaintiff and the defendant Marshall Roe also testified, and we will treat it as proven in deference to the judgment herein, that the latter mentioned the fact that plaintiff was the owner of the land to the defendant Chandler at the time of both the deed of February 15, 1907, and the deed of February 24, 1910, to him, so that he took each of these deeds with knowledge as this. The said deed of February 24, 1910, was intended as an absolute conveyence in consideration of the sum of $1,036, or thereabouts, which the defendant Chandler then specifically undertook to pay, and thereupon did pay, for the defendant Marshall Roe under said deed and contract of February 15, 1907, in the main, but including delinquent taxes on said "other lands," and $65 additional which Chandler then undertook to pay, and soon after did pay, to the plaintiff herself. Chandler, then and thereupon, in full performance of his obligations under said contract of February 15, 1907, reconveyed the other lands described in the deed of February 15, 1907 to the defendant Marshall Roe and the plaintiff; the latter, presumably, thus taking 40 of the 120 acres she conveyed to the former on December 20, 1906.

At the time of the deed of February 24, 1910, to him, the

defendant Chandler, with the plaintiff's knowledge and without objection from her, not only received the actual possession of the land here involved from Marshall Roe, whose possession antedated plaintiff's deed of this land to him on December 20, 1906, but improved the same by fixing the fencing. She was present and testified upon the trial in the suit involving the cancellation of the forged deed and the other deed predicated thereon; and she was present and, although having knowledge of the fact of each conveyance, when the conveyances by Marshall Roe to Chandler were execueed, she made no objection whatever to either of them. The value of the land at the time of either of said conveyances is not shown. It is neither alleged nor so much as attempted to be shown that any element of mistake, fraud, or undue influence operated upon the plaintiff in connection with her conveyance to the defendant Marshall Roe, in the first instance, or upon her or Marshall Roe in connection with either of the latter's subsequent conveyances to the defendant Chandler. It does not so much as appear that she was so much as asked by any one to make the first or consent to the other two deeds; but her act and conduct seem to have been entirely voluntary in each instance. No explanation, consistent with her present suit, nor any except as hereinbefore stated, is made or attempted of her own conveyance to Marshall Roe, or of her silent acquiescence and approval of the latter's two subsequent conveyances to the defendant Chandler.

The deeds of December 20, 1906, and February 15, 1907, being prior to statehood, in respect to the questions here, must be considered in the light of the laws then in force in the Indian Territory, including section 3382 of Mansfield's Digest of the Statutes of Arkansas of 1884, whilee the deed of February 24, 1910, must be considered in the light of the laws of this state. It may be observed at the outset that ordinarily the mere want of consideration does not of itself operate to create a resulting trust for the benefit of a grantor in a deed, absolute in form, against

Form No. 12

his grantee or those claiming under him as privies to such deed. 2 Devlin on Deeds, sec. 1189; Minor & Wurts on Real Property, sec. 938; Tiedeman on Real Property, sec. 565.

In the absence of other evidence of mistake or fraud, inadequacy of .consideration is not, of itself, ordinarily sufficient ground to justify a court to cancel a deed. *Bruner et ux. v. Cobb et al.,* 37 Okla. 228, 131 Pac. 165; *Lewis v. Allen,* 42 Okla. 584, 142 Pac. 384. Even when, under all the facts and circumstances of the case, equity would ingraft a trust upon a deed, absolute in form, between unrelated parties, for want of a valuable consideration, it will not necessarily do so when the grantor and grantee are closely related, as father and child, as a good consideration therefor lies in such relationship. 3 Pomeroy's Equity Jurisprudence, sec. 2981.

That, as between the parties and their privies, section 3382 of Mansfield's Digest of the Statutes of Arkansas of 1884, when invoked, will ordinarily operate to exclude oral evidence of an express trust, and will thus prevent a parol trust from being ingrafted upon a deed which is absolute in form, with covenants of general warranty, will be seen from the following cases: *Queen v. Queen,* (Ark.) 172 S. W. 1018; *McDonald v. Hooker,* 57 Ark. 632, 22 S. W. 655, 23 S. W. 678; *Veasey v. Veasey,* 110 Ark. 389, 162 S. W. 45, and cases there cited. In the case of *Arkansas Lumber & Contractors' Supply Co. v. Benson,* 92 Ark. 392, 123 S. W. 367, it is held, in accord with what appears to be the general rule, that where the statute of frauds is not pleaded, and a parol contract is proven without objection, the statutory requirement of writing is waived; but the question in that case did not arise upon said section 3382 of Mansfield's Digest, nor involve the precise question here, and in *Trapnall's Adm'x v. Brown,* 19 Ark. 39, it is (contrary to what is stated as the general rule in 39 Cyc. 626, 627) held:

"Where the defendant denies the agreemnt or contract, relat-

ing to real estate, alleged in the bill, it is not necessary for him to insist, in his answer, upon the statute of frauds, as a bar."

And, as that case does not appear necessarily in conflict with *Arkansas L. & C. S. Co. v. Benson, supra,* we are of the opinion that the defendant Chandler's general denial put in issue the existence of written evidence required by Mansfield's Digest, as well as the fact of the trust itself.

But plaintiff contends the defendant Chandler's defense under the statute of frauds (section 3382, *supra*) was waived by his failure to object to proof upon the specific ground of want of the written evidence thereof; and this, as well as the failure to specially plead the statute, presents a serious question. When the plaintiff had been called as a witness, at the commencement of the trial, the defendant Chandler made the following objection:

"Defendant Chandler objects to any evidence, and moves the court for judgment on the pleadings, as to the second count in the plaintiff's petition, and moves the court for judgment in favor of the defendant, chandler, and against Elizabeth Roe for the reason that the pleadings show that the judgment should be rendered in favor of Chandler and against the plaintiff, for the reason that the suit was brought upon a written instrument, the execution of which is not denied under oath, and therefore stands admitted, which shows ownership in defendant, Chandler."

We have much hesitancy in saying that this objection sufficiently raised the question of want of the requisite written evidence of the trust; but, in view of the state of the pleadings hereinbefore shown, it appears that this objection was based upon the view that the deeds, which the plaintiff seeks to cancel, and which the defendant Chandler's answer set out as absolute in form, without denial under oath, in plaintiff's reply, show that there was "no declaration or creation of trust signed by the party who is or shall be by law enabled to declare such trust," which is "manifested and proven by some writing," etc., as required by Mansfield's Digest, *supra;* and this objection, being directed against plaintiff's proffer or parol evidence, seems to have imperfectly included an objection

upon the ground that the trust could be proven only by a written declaration thereof, and not by the proffered evidence of the plaintiff.

However, in view of our conclusion that the plaintiff is estopped, as hereinafter shown, possible error, if any, in our foregoing views, is harmless to the plaintiff. That the plaintiff is estopped, by her aforesaid conduct, to assert an equitable title and ask a cancellation of deeds against the defendant Chandler, seems absolutely clear. 16 Cyc. 785-790; *Scott v. Signal Oil Co.,* 35 Okla. 172, 128 Pac. 694;*Quimby v. Uhl,* 130 Mich. 198, 89 N. W. 722; *Marx v. Clisby,* 130 Ala. 502, 30 South. 517; *Newton v. Redenack,* 90 Mo. App. 650; *Matt v. Matt* (Iowa) 137 N. W. 489; *Fraser v. Cole,* 214 Fed. 556, 131 C. C. A. 102.

For the reasons stated, the judgment of the trial court should be reversed.

By the Court: It is so ordered.