S. A. GILMAN, Appellant, v. R. T. MCDANIELS, Appellee.

**APPEAL AND ERROR:** Reservation of Exceptions—Instructions.
1  Objections or exceptions to instructions must be made before the instructions are read to the jury. (Sec. 3705-a, Code Supp., 1913.)

**TRIAL:** Reception of Evidence—Objections—Sufficiency. An objector to evidence will not be permitted to withhold his real objections to offered evidence and ambush his opponent and the court under cover of a general dragnet objection that the evidence is "incompetent, immaterial, irrelevant and not the proper measure of damages." So held where counsel, under the latter objection, sought, on appeal, to raise the objection that the offered evidence was inadmissible under the statute of frauds.

**EVIDENCE:** Opinion Evidence—Cultivation of Farm—Benefits. A
3  farmer may give an opinion as to the value of the permanent benefits accruing to land from the mere cultivation thereof.

**FRAUDS, STATUTE OF:** Objections—How Raised. When the face
4  of the pleadings reveals the fact that the contract pleaded is within the statute of frauds, objections thereto on such grounds must be made (a) by demurrer, or (b) when the evidence is offered.

**APPEAL AND ERROR:** Exceptions—Failure to Reserve—Instruc-
5  tions. Instructions passed without exception constitute the law of the case.

*Appeal from Wright District Court.*—CHARLES E. ALBROOK, Judge.

THURSDAY, JUNE 29, 1916.

ACTION at law to recover $424 rent alleged to be due on an oral contract; a second count to recover the same upon a *quantum meruit* for the use of land. The defendant counter-claimed, and asked to recover $360 rent paid by him and $200 for work and labor in preparing and plowing land and put-ting it in condition for cropping as soon as it should be tiled under an agreement as alleged by him. Defendant alleges that the tiling was not done as agreed. Trial to a jury, and a verdict in favor of the defendant in the sum of $280. By special findings, the jury answered that they allowed plaintiff $180 as rental, and allowed the defendant the sum of $460, the difference between the two being the amount of the gen-eral verdict. The court rendered judgment against plaintiff for $280 and costs. The plaintiff appeals.—*Affirmed.*

*Prince & Neese* and *Birdsall & Birdsall,* for appellant.

*Nagle & Nagle,* for appellee.

PRESTON, J.—1. Plaintiff avers that, about August 1, 1911, by oral agreement, he leased to the defendant, for the term of one year from March 1, 1912, certain farm land; that for the use of said premises defendant promised and agreed to pay as rent two fifths of the grain raised on the same, and $4 per acre for the land not used in raising grain. Plaintiff alleged that there are 106 acres of such land; alleged also that the agreement was that one half the rent was to be paid Sep-tember 20, 1912, and the other half, January 1, 1913; that defendant entered upon and has continued in possession of said premises for the term of said lease; that there is now due $424. In the second count, plaintiff averred that defend-ant used and continued in possession of the land from March 1, 1912, the reasonable value of which was two fifths of grain grown and $4 per acre for other land.

Defendant denies all allegations in the petition; denies that he made an oral agreement of lease with plaintiff in August, 1911, and denies that he entered upon or used said

premises during the year 1912 under any lease made in the
year 1911. He says further that, about September, 1910, he
had a conversation with plaintiff about leasing the property
described; that at said time the land was low, wet and not
tiled, and not in a condition to be successfully farmed; that
large portions thereof had been partially farmed in previous
years, and, because of the wet character of the land, had gone
back and grown up to weeds; and that plaintiff induced
defendant to lease the land, stating and representing to him
that, if he would lease it for two years from March 1, 1911,
he (plaintiff) would thoroughly tile all of said land so that
defendant could cultivate the same; that, relying upon said
promise, the defendant, about September, 1910, entered into
an oral agreement with plaintiff for the use of said land for
two years from March 1, 1911, in which oral agreement plain-
tiff orally undertook to tile all of said land, so that defendant
could cultivate the same during each of said years; that
defendant was to pay as rent two fifths of the grain and $4
per acre for about 90 acres, making $360 cash rent; that, in
pursuance of said oral agreement, and relying thereon,
defendant took possession and paid the cash rent of $360,
and performed a large amount of work and labor, preparing
and plowing and putting the wet land in a condition for
cropping as soon as the same was tiled, which work was made
necessary to be done so as to enable him to farm the wet land
as soon as it was tiled, which services so rendered were worth
$200, all of which inured to the permanent benefit of said
land, and for which he received no benefit; that plaintiff has
repudiated the agreement and refused and neglected to tile
the land. Defendant asks judgment for $560 and costs.
Defendant admits that he used and occupied the land for the
year 1912, but denies that the fair rental value was two
fifths of the grain and $4 per acre for the balance, but says
that the fair rental value of the cultivated land in the con-
dition it was in was not more than one third of the grain,

and that the fair rental value of the balance was not more than $250.

For reply to the counterclaim, plaintiff denies all allegations therein, and says that defendant paid to plaintiff all cash rent due on account of the use of said premises for the year commencing March 1, 1911, up to March 1, 1912, and delivered to plaintiff all grain rent due him thereon; that plaintiff and defendant settled and compromised all demands for that year, and further alleges that the agreement stated in the second paragraph or division of defendant's answer and counterclaim is within the statute of frauds and void.

The first two assignments of error relate to the admission of testimony and are argued together. The other errors assigned, except the last, relate to alleged error in the instructions. The instructions given were not excepted to. But, as the statute is not complied with in regard to excepting to instructions given by the court, we need not notice this further. Sec. 3705-a, Code Supp., 1913.

1. APPEAL AND
   ERROR: reser-
   vation of
   exceptions:
   instructions.

The last assignment of error states that the court erred in overruling defendant's motion for new trial, which motion was based upon substantially the same grounds.

The defendant testified that he took possession of the farm a few days after he rented it, and plowed about 80 acres in the fall of 1910, and that in plowing the land he relied upon plaintiff's promise to tile the land so that defendant could crop it; that some portions of the land that he plowed were so wet that he was not able to crop it in 1911; that they plowed some of the land that was too wet to be cultivated without being tiled; that they plowed about 20 to 30 acres more in the spring of 1911, and plowed somewhere in the neighborhood of 20 acres that he was not able to successfully cultivate and raise a crop on; that he plowed the land in the spring and then disked it; that he planted the

2. TRIAL:
   reception of
   evidence:
   objections:
   sufficiency.

crop and it was so wet that it drowned out; that part of it he planted over, and that drowned out. He was then asked this question:

"Q. Was the plowing and disking and cultivating that you gave the land of some benefit to the land regardless of the crops? (Objected to as calling for the conclusion or opinion of the witness, and for the further reason that it is incompetent and not the proper measure of damages. Overruled. Plaintiff excepts.) A. Yes, sir. Q. What was the fair value of the work and labor that you performed in the preparation of that 20 acres on which you got no crop? (Objected to as incompetent, immaterial, irrelevant, not the proper measure of damages. Objection overruled. Plaintiff excepts.) Q. That is, how much it was worth? (Objected to for the same reason last stated. Objection overruled. Plaintiff excepts.) A. I should judge it was worth $5 an acre."

The argument of appellant at this point embraces three propositions:

(1) That defendant's action upon the item of his counterclaim,—that is, recovery for money expended and time lost on 20-acre tract by reason of plaintiff's alleged failure to tile, —arises out of an oral lease of land for a term of two years, which falls within the statute of frauds; and that the agreement was not fully executed, and the taking of possession, payment of rent, or part performance, did not remove the bar of the statute, citing Sec. 4626 of the Code of 1897, and Iowa cases.

(2) That, if the jury should find that the contract was an oral lease for two years, defendant could recover nothing upon his counterclaim, unless he has shown by the evidence that he made permanent improvements upon the land; that is, that he is only entitled to recover for services rendered, or expense incurred thereunder, a sum equal to the extent the land was enhanced in value or the other party enriched thereby.

(3)   That no foundation was laid for the testimony.

It will be remembered that plaintiff alleged that the contract of lease was for one year, and that defendant remained in possession, while defendant alleges that the contract was for two years.   There was the same conflict in the testimony of the parties testifying as witnesses as to the contract, also, as to when the contract was made.

Coming back now to the questions propounded and the objections thereto, we assume that the first question had reference to some permanent benefit to the land, because it asks that,—that is, whether the cultivation was of some benefit to the land, regardless of the crops.   There is no objection that no foundation was laid as now argued in this court.

3. EVIDENCE:
opinion evidence: cultivation of farm: benefits.

The first part of the objection is that it calls for the conclusion and opinion of the witness.   We think this proper, where foundation has been laid.   Defendant was a farmer.   The last part of the objection and the objection to the other testimony as to the value of the work and labor performed was, as to the first, that it was incompetent and not the proper measure of damages, and as to the rest, that it was incompetent, immaterial, irrelevant and not the proper measure of damages. We have held that such an objection raises no question for determination here.   *Harvey v. Mason City & Fort Dodge R. Co.*, 129 Iowa 465, at 482.

Other cases hold that such an objection is not sufficient if it can be made more specific.   The objection here could have been more specific.   The objection most strongly urged here by appellant is in regard to the statute of frauds, and it will be noticed that that objection is not made at all to any of this testimony.   The statute provides substantially that, except when otherwise specially provided, no evidence of certain contracts is competent unless it be in writing and signed by the party charged or by his authorized agent.

4. FRAUDS,
STATUTE OF:
objections:
how raised.

Paragraph 4 of Code Sec. 4625 covers contracts for the creation or transfer of any interest in lands except leases for a term not exceeding one year; and 5, those that are not to be performed within one year from the making thereof. Under this section, it has been held that the objection that a contract is within the statute of frauds, and therefore that any parol evidence thereof is inadmissible, cannot be raised unless the objection is made in the pleadings, or when the evidence is offered. *Holt v. Brown,* 63 Iowa 319. In the instant case, the statute was pleaded by plaintiff in his reply, which was an answer to defendant's counterclaim, and it has also been held that, if it appears from the face of the petition that the cause of action is based upon a contract which should be evidenced in writing, but is not so evidenced, the objection should be raised by demurrer, and not by answer. *Wiseman v. Thompson,* 94 Iowa 607.

In the instant case, no question as to the statute of frauds is raised by the contract as pleaded by plaintiff, but only, if at all, in the defendant's counterclaim; and, if the objection is good, it appears on the face of the counterclaim, which is the defendant's petition as to defendant's claim against the plaintiff, and in that case, the objection must be raised by demurrer or objection to the evidence. *Wiseman v. Thompson,* supra. The plaintiff did not raise the objection in either way, and, under the holdings, he waived the objection. It has also been held that, when parol evidence of a contract within the statute of frauds is introduced upon trial without objection, it cannot afterwards be objected to upon appeal. *Crossen v. White,* 19 Iowa 109.

2. As to Instructions 2 and 4, requested by plaintiff, it is doubtful whether the statute has been complied with in reference to the exception to these instructions; but, if the exception is sufficient, we think there is no merit in plaintiff's claim. The argument as to this is that, under the contract alleged by defendant, plaintiff's liability is to be measured by the benefits conferred, and that the work done was not

specially provided for by the contract, and, unless it added to and enhanced the value of the farm, or, in other words, added a permanent improvement thereto or thereon, plaintiff could not have been benefited. As before stated in the evidence quoted, defendant did testify, over objection which was not well taken, that the cultivation of the land was of some benefit to it regardless of the crops, and the argument is, further, that, inasmuch as no evidence of or concerning the contract is admissible, no recovery of damages can be had thereon. But, as already shown, the evidence was not objected to, and, under the authorities, plaintiff has waived the question and cannot now raise it in this court.

We may briefly notice the claims of the parties at this point. Appellee says that plaintiff, in his reply to the counterclaim, denied the making of the contract and pleaded the statute of frauds, and that this amounted to a repudiation of the oral contract and entitled defendant to recover, citing *Frey v. Stangl,* 148 Iowa 522, at 528. Appellee contends also that the contract provided for the tiling of the wet land and that defendant should prepare such land for cultivation and crop the same in the year 1911; that defendant performed his part of the contract, spent his time and labor in preparing the land, but plaintiff failed to perform on his part, failed to tile the land as agreed, by reason of which defendant lost the use of the land and also his services; that, by the preparation of the wet land for cropping, in reliance upon plaintiff's promise to tile it so that he could crop it, defendant must be considered as having in that way paid in advance, in part at least, for the privilege of using the land. Appellee cites *Williams v. Bemis,* 108 Mass. 91, and he also cites this case and *White v. Wieland,* 109 Mass. 291, *Frazer v. Howe,* 106 Ill. 563–577, and *Frey v. Stangl,* supra, as supporting the ruling of the court in admitting the testimony referred to in Paragraph 1 of the opinion, and as to the point now under consideration, that, where a person pays money, renders services or conveys property under an agreement within the

statute of frauds, which the other party refuses to perform, an action will lie against the party so refusing, to recover the money paid or the value of the services rendered or property conveyed. In reply to this, appellant points out certain parts of the opinions in some of these cases, holding, inferentially at least, that they are not applicable to the facts of this case, because, as appellant claims, there is no showing or claim that plaintiff has been enriched or has profited by the defendant's actions in regard to the item of the counterclaim now under discussion. But we do not feel called upon to determine this point, because the question is not in the case, for the reasons before given,—that the evidence is in the record without proper objection, and plaintiff may not raise the question now in this court.

The instructions given by the court cover the theory of the case upon which it seems to have been tried in the lower court, and, because no proper exceptions were taken to the instructions, they constitute the law of the case.

5. APPEAL AND ERROR: exceptions: failure to reserve: instructions.

No reversible error is shown, and the judgment of the district court is therefore —*Affirmed.*

Evans, C. J., Deemer and Weaver, JJ., concur.