## BARDSLEY *v.* BARDSLEY.

[No. 12,409. Filed January 14, 1926. Rehearing denied April 22, 1926. Transfer denied December 8, 1926.]

1. FRAUDS, STATUTE OF.—*Defense of statute of frauds is waived if not presented in trial court.*—The defense of the statute of frauds is waived if not presented in the trial court, and cannot be raised for the first time on appeal. p. 387.

2. HUSBAND AND WIFE.—A wife may enter into a valid contract to buy property from her husband. p. 387.

3. HUSBAND AND WIFE.—*Wife's purchase of personal property of husband at public auction conducted by him may be enforced.*— Where a husband and wife lived on a farm conveyed to the wife, the husband managing and operating it in the same manner as before the conveyance, assuming to be the owner of its products, and thereby accumulating considerable personal property, the wife is liable for the purchase price of articles bid in by her at a public auction of said property conducted by the husband. p. 389.

From Huntington Circuit Court; *Sumner Kenner*, Judge.

Action by William E. Bardsley against Ivia M. Bardsley. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Eberhart & Sapp* and *U. S. Lesh*, for appellant.
*Bowers, Feightner & Bowers*, for appellee.

NICHOLS, C. J.—Action by appellee against appellant to recover the alleged purchase price for various articles of personal property which it was charged appellant bid in at a public sale conducted by appellee.

The complaint was in two paragraphs. The first was based upon an account, an itemized statement of which was filed therewith. The second briefly charges that appellee was indebted to appellant for goods, wares, and merchandise sold and delivered to appellant in the sum stated in the complaint.

To the first paragraph, an answer in four paragraphs was filed, the first being a general denial. The second pleaded facts assuming to show that the property in question belonged to appellant.

The third paragraph, by way of cross-complaint, set up facts showing that the property in question belonged to appellant; that it was property raised upon appellant's farm or used in connection therewith and that it belonged to appellant; that she bid it in at the public sale pursuant to an agreement and understanding with appellee that the title thereto was to be thereafter determined in an action for divorce, which appellee had instituted against appellant and which was then pending, undisposed of, and that the title to said property had not at said time been determined.

The fourth paragraph, being by way of cross-complaint, contained averments similar to the third

paragraph, in addition to which it set up facts show-
ing that appellee was indebted to appellant for goods,
wares and merchandise owned by appellant and taken
by appellee and converted to his own use in a sum in.
excess of the demand in the complaint.

A reply in two paragraphs was filed to the second,
third and fourth paragraphs of answer and cross-
complaint, the first paragraph of which was general
denial. The second paragraph averred that since the
spring of 1920, appellant and appellee lived on the farm
belonging to appellant, that theretofore said real estate
on which said parties lived belonged to the father of
appellant, and that appellee had rented the same and
was paying a cash rental therefor, of $750 per year, and
avers that prior to the spring of 1920, appellant did not
have any interest therein.

That in the spring of 1920 appellant became the owner
of said farm, but appellee denies that appellant is enti-
tled to the proceeds thereof for the reason that appel-
lee expended for the benefit of appellant for permanent
improvements thereon and by advancing money to ap-
pellant to apply on the purchase price thereof and by
the payment of taxes more than the annual rental value
of said real estate. That, at the request of appellant,
he advanced to her of his own money for purchase
money, improvements, and taxes, a total of $3,375. That
at the time appellee left said home, and at the time of
the divorce action referred to by appellant, he left in
the charge of appellant personal property and house-
hold goods which he had accumulated by his labors of
the value of $1,395 an itemized statement of which is
set out.

That, during the time appellee was farming said
farm, he became indebted to various persons on account
of expenditures made for the benefit of appellant and
for the benefit of their children in the total sum of

$1,830, which indebtedness was lawfully due and owing at the time of the application for divorce, an itemized statement of which is set out.

There was a trial by jury and a verdict rendered for appellee against appellant in the full amount of the demand contained in the complaint, to wit, $1,675, upon which judgment was rendered for appellee. The error assigned is the action of the court in overruling appellant's motion for a new trial.

It is undisputed that the sale of the goods, wares and merchandise involved in this action was for a price of more than $50, and appellant, contending that

1. there was no act constituting a delivery of the goods, wares and merchandise to appellee, says that the contract of sale, though at public auction, was within the statute of frauds for the reason that no memorandum in writing of the sale was made. But appellant failed to present any question of this kind to the trial court. There was no objection to parol proof of the contract of sale nor was there any demurrer to the evidence at the close of the same. The question of the statute cannot be presented first in this court. It was waived by failing in any manner to present it in the trial court. *Livesey* v. *Livesey* (1868), 30 Ind. 398, 401; *Sartwell* v. *Sowles* (1900), 72 Vt. 270, 82 Am. St. 943; *Arkansas Lumber, etc., Co.* v. *Benson* (1909), 92 Ark. 392, 123 S. W. 367; *Nunez* v. *Morgan* (1888), 77 Cal. 427, 19 Pac. 753; *Gilman* v. *McDaniels* (1916), 177 Iowa 76, 158 N. W. 459; *Miller* v. *Harper* (1895), 63 Mo. App. 293; *Eisley* v. *Malchow* (1879), 9 Nebr. 174, 2 N. W. 373.

That a wife may enter into a valid contract to buy property from her husband, see *Rinn* v. *Rhodes* (1884), 93 Ind. 389; *Wilson* v. *Wilson* (1888), 113 Ind.

2. 415, 15 N. E. 513; *Harrell* v. *Harrell* (1889), 117 Ind. 94. The question, therefore, which we have

to determine in this suit is as to whether the contract of purchase by appellant under the circumstances of this case constituted a valid and enforceable contract. There is ample evidence to sustain all of the allegations of both appellee's complaint and reply. It clearly appears by the evidence that a large part of the property which was sold at auction was property which appellee had accumulated upon the farm involved at a time he was renting the same for money rent from appellant's father, and some of this property was purchased in competitive bidding by appellant at the auction sale. It appears by the evidence that appellee and appellant, as husband and wife, with their children, lived upon the farm involved for a number of years before the time that the same was conveyed by appellant's father to her, during which time appellee paid money rent for said farm, and, during which time, he accumulated a large amount of personal property. After the land was conveyed to appellant by her father, there is no claim that there was then any contract of tenancy or any agreement whatever entered into between appellant and appellee for the use and occupancy of the land, but it appears that appellee and appellant, as husband and wife, together with their family, continued thereafter to occupy said real estate the same as they had occupied it before, appellee, as the husband, and head of the household, managing and controlling the operation of the farm the same as he had done theretofore, acting as the owner of the products of the farm, both those accumulated before and after the conveyance to appellant. It appears by the evidence that, from the proceeds of the farm, both before and after the conveyance, and of his own money he paid purchase-money, taxes and necessary debts growing out of the operation of the farm, and made improvements thereon in excess of the rental value of the farm. Under such circumstances, it seems to

the court that the principle that must control is thus stated in *Davis* v. *Watts, Administrator* (1883), 90 Ind. 372, 375 as follows: "The fact that these people were husband and wife must not be overlooked. They, with their children, lived upon the land as one family for about eighteen years, and used the lands of each in common. Out of the profits from the two farms (one of which belonged to the husband and one to the wife) the family was supported, the taxes paid and the farms improved. The surplus of profits in the hands of the administrator is from the two farms. From such facts alone, as between husband and wife, neither a tenancy, nor liability for occupation and use, will be implied."

It is apparent from the evidence that appellant knew that appellee was claiming the property which had accumulated on the farm in the manner as aforesaid, and that he was using the same as his own; she knew that he had advertised the same for sale at public auction, and that he had hired an auctioneer and clerk to sell the same. She was present at the sale when the terms were announced; she became a competitive bidder with other bidders purchasing such property as she had made the highest bid for, and the same was openly struck off and sold to her, she thereafter using the same and reselling a part of it. Under these circumstances, she cannot be heard to say that the sale as to her was invalid and that she should not be required to pay the purchase price of the property so purchased by her. The instructions given were not out of harmony with the principles above stated. The jury was correctly instructed as to the law. We find no reversible error.

Judgment affirmed.